LAW OFFICES OF LINDA TIRELLI, PC
1100 SUMMER STREET, 3RD FLOOR
STAMFORD, CT 06905
PH: 914-946-0860 / FAX: 914-946-0870

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------------------------X
IN THE MATTER OF                                      :
                                                      :
                                                      :  CHAPTER 13
TIFFANY M. KRITARAKIS                                 :
CHAPTER 13 DEBTOR                                     :  CASE NO: 10-51328 (AHWS)
                                                      :
                                                      :  OBJECTION TO PROOF OF
                                                         CLAIM # 2-1 FILED BY
                                                         DEUTSCHE BANK NATIONAL
                                                         TRUST COMPANY, AS
                                                         TRUSTEE FOR SOUNDVIEW
                                                         HOME LOAN TRUST 2005-
                                                         OPT1, ASSET-BACKED
                                                         CERTIFICATES, SERIES 2005-
                                                         OPT1 AND MOTION FOR
                                                         ACCOUNTING
------------------------------------------------------------------------X

**OBJECTION TO PROOF OF CLAIM #2 FILED BY DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF SOUNDVIEW HOME LOAN TRUST 2005-OPT1,
ASSET-BACKED CERTIFICATES, SERIES 2005-OPT1
AND REQUEST FOR ACCOUNTING**

Debtor, Tiffany Kritharakis ("Debtor"), by her attorney, Linda M. Tirelli, Esq. of Law Offices of

Linda Tirelli, PC, as and for her objection to Proof of Claim #2, filed by Deutsche Bank National

Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2005-

OPT1, ("Deutsche Bank"), states as follows:

**PRELIMINARY STATEMENT**

1. The Debtor commenced this action by the filing of a Chapter 13 Petition on June 10, 2010.

2. Debtor is owner of the premises located at 25 Powder Horn Rd. Norwalk, CT 06850 which she maintains with her husband, a non-filing spouse, as their primary residence.

3. Debtor's chapter 13 Plan calls for retention of this home.

4. Schedule D of Debtor's petition, lists American Home Mortgage Services as a secured creditor on this home. This debt is listed as disputed.

5. Proof of Claim #2, a copy of which is annexed hereto as **Ex. "A"** alleges Deutsche Bank as the secured creditor on the premises.

6. It is apparent from documents attached to claim #2, that ("MAC Mortgages, A Connecticut Corporation") is the originator.

## FACTUAL ALLEGATIONS

7. Proof of Claim #2 consists of the following:

a. Official Form 10, signed by Lawrence J. Buckley, alleged as "Creditor's Authorized Agent;"[1]

b. A 1 page "Exhibit A," which consists of an Itemization of Claim and states that "American Home Mortgage Servicing, Inc. is a Servicing Agent and that Deutsche Bank, as Trustee is the secured creditor;

---

[1] The undersigned called Mr. Buckley and has conformed he is not an employee of thenamed creditor or the purported servicer, but in fact is an attorney with the Texas based law firm, "Brice, Vander Linden & Wernick, P.C. 9441 LBJ Freeway, Suite 250 Dallas, TX 75243" despite neither revealing this fact to the Court and further not filing an appearance as counsel in this matter. The undersigned contacted the Federal District of CT and verified with Deputy Clerk, Ms. Linda Ferguson, that there is no record of a federal bar number issued to Attorney Buckley to permit Mr. Buckley to practice law in this district..

c. A TWO (2) page unendorsed "Note" dated January 19, 2005 naming MAC Mortgages, A Connecticut Corporation as Lender and Debtor and her spouse as Borrower;

d. A SEVEN (7) page "Open-End Mortgage" dated January 19, 2005, naming MAC Mortgages, A Connecticut Corporation as Lender and Debtor and her spouse as Borrower;

e. A ONE (1) "Schedule A - Legal Description"

8. On August 9, 2010, the undersigned sent a letter to the following parties regarding the Proof of Claim and demanding proof that the named creditor has authority to file the proof of claim and demanding documentation that it has standing in this case.

Martha Croog, Esq,
Law Office of Martha Croog, LLC
740 North Main Street, Suite N
West Hartford, CT 06117
*Via Facsimile: (860)240-9256*
 *AND Certified First Class US Mail RRR#7009 3410 0001 2124 7982*

Joe Lozano, Esq.
Lawrence Buckley, Esq.
c/o Brice, Vander Linden & Wernick, P.C.
9441 LBJ Freeway, Suite 250 Dallas, TX 75243

Molly Whiton, ch 13 Trustee
10 Columbus Boulevard
Hartford, CT 06106

Kim McCabe, Esq.
US Department of Justice, Office of the US Trustee
150 Court Street, Suite 302
New Haven , CT 06510

In addition, a Qualified Written Request ("QWR") under RESPA and a Written Request under Truth in Lending Act were served upon purported servicer,

American Home Mortgage Servicing, Inc.
4600 Regent Blvd., Suite 200
Irving, TX 75063-2443

Copies of the demand letter, TILA Request and QWR are annexed hereto as **Ex. "B."**

9. To date, no response has been received to the demand letter or the TILA Request. A partial response was received to the QWR per RESPA and some loan file was made available to the undersigned.[2]

## ARGUMENT: DEUTSCHE BANK DID NOT HAVE STANDING TO FILE PROOF OF CLAIM #2

10. The originator of the mortgage loan at issue is MAC Mortgages, A Connecticut Corporation ("MAC").

11. There is no documentation provided in Proof of Claim #2 proving a complete chain of title from MAC to Deutsche Bank.

12. The creditor must prove that it is the rightful owner and holder of both the Note and the Mortgage and has failed to meet this burden.

13. There was no writing filed with the Proof of Claim demonstrating Deutsche bank's interest on the property securing such claim in violation of B.R. 3001(c).

---

[2] As per conversation with Sharmila Bharwani, Esq. of Brice, Vander Linden & Wernick, P.C., 9441 LBJ Freeway, Suite 250, Dallas, TX 75243 (214)860-6978 sb4@bvwlaw.com the undersigned agreed to allow the purported servicer until Friday, October 22, 2010 to fully respond to all produce the original documents and complete file.

14. The Proof of Claim is signed by "Lawrence J. Buckley, as Creditor's Authorized agent" without providing any supporting documentation to suggest his authorization to do so, in violation of B.R. 3001(b) and the plain language instructions as printed on Official Form 10.

15. The Note attached to the Proof of Claim names MAC as Lender and there is no endorsement at the end of the Note. Therefore, it appears from the document annexed to the Proof of Claim that Option One Mortgage Corporation, if any entity, has the contract with Debtor to re-pay her loan.

16. The Mortgage attached to the Proof of Claim, represents an alleged lien on Debtor's property and, again, is in the name of MAC. It may well have created a lien on the property as collateral for a debt (the "Note"), but does not in and of itself create a debt. A Mortgage is transferred by assignment and there is no assignment attached to the Proof of Claim.

## ARGUMENT: DEUTSCHE BANK AS TRUSTEE OF SECURITIZED TRUST

17. Deutsche Bank alleges that it is the Trustee for the Certificateholders of Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT1. However, Deutsche Bank failed to attach to the Proof of Claim any documentation whatsoever proving that Deutsche Bank became the Trustee in accordance with the terms of the Trust.

18. The Trust contains any and all beneficial rights, liabilities and conveyance rules concerning Debtor's mortgage and is subject to the terms of the Pooling and Service Agreement ("PSA").

19. To establish standing, the creditor needs to provide proof of all of the transfers and receipts from origination to the party alleging to be the creditor in this action, including the full contents of the Master Custodian File held by the Master Custodian of the Trust.

20. A federal court cannot have jurisdiction unless a party has constitutional standing. To have standing, the creditor must show that it is the beneficiary of the Note, that the Note has been properly transferred with the Mortgage, or that appropriate agency authority has been issued from a party with the power to do so. The creditor in this case has failed to prove any of the above.

21. And, if the creditor filing the proof of claim is not the real party in interest, it must join the real party in interest pursuant to Federal Rules of Bankruptcy Procedure 7019.

### ARGUMENT: THE PROOF OF CLAIM DOES NOT PROVE A PERFECTED SECURITY INTEREST IN DEBTOR'S PROPERTY

22.     Deutsche Bank has failed to provide any documentation reflecting a valid security interest in Debtor's property.  Any post-petition attempt to cure the deficiencies have been without authority, in violation of law and a fraud upon this Court.

23.  Deutsche Bank by the terms of the PSA governing the Trust for which it purports to act as a Trustee cannot not the true holder or owner of this note;  Deutsche  Bank has no standing to bring a claim purporting to be a true creditor or a real party in interest.

24. As a direct and proximate result of the willful violations of the automatic stay byway of any and all post-petition attempt to cure the deficiencies have been without authority, in violation of law and a fraud upon this Court, the Debtor is entitled to the recovery of actual and punitive damages from Deutsche Bank as per §362(k)(1) of Title 11 of the United States Code.

## ARGUMENT: ACCOUNTING

25. A review of Exhibit A annexed to the Proof of Claim, states that the following fees and costs with absolutely nothing to substantiate the same:

| | |
|---|---|
| Accrued Late Charges | $  637.38 |
| Foreclosure Attorney Fees | 1080.00 |
| Court Costs | 425.00 |
| Recording Costs | 214.00 |
| Service Costs | 125.00 |
| Sheriff's Fees | 238.00 |
| Inspection Fees | 19.20 |
| Appraisal Fees | 453.00 |
| NSF Fees | 20.00 |
| Escrow Shortage | 443.47 |
| Borrower Interview | 65.00 |
| Breach Letter Fee | 20.00 |
| Less Suspense Account Balance | ($255.75) |

26. The Debtor avers that a "suspense balance" is noted in the Itemization of Claim as a credit of "$255.75" implying a positive balance has been credited after being held in a

suspense account as unapplied funds.  The Debtors have concerns regarding the source of the suspense funds, the length of time there has been a suspense fund and the authority with which there was a suspense fund was created.  Specifically, the itemization fails to define the rate of interest, fails to provide a breakdown of the interest charges and fails to provide an explanation detailing why there would be a suspense account associated with the Debtor's loan in light of the revisions to the Truth in Lending Act 15 U.S.C. 1641("TILA") Section 131.  Said revisions include the requirement that all mortgage payments be immediately applied to the mortgage account the day said funds are received.  The revisions, among other things, eliminate the use of suspense accounts or other unapplied funds.  Said revisions were made effective on or about **October 9, 2009**.

27. The debtor avers that according to the terms of her Note and Mortgage, do _not_ provide for any unapplied funds or use of suspense accounts when applying the debtors payment to their mortgage account.  Furthermore, the Debtors aver that they have never been advised that Deutsche Bank or any other party  was maintaining an account of unapplied/suspense funds, the amount of interest they were to be paid on this account, or the costs and amounts of fees and charges which accrued against the debtor's account while these funds were not being applied upon receipt.

28. The Debtors aver that the aforesaid "Suspense Account Balance" suggests the misapplication of funds which the debtor would like to examine closer, but unfortunately, Deutsche Bank  and its agents have failed to acknowledge or respond to the debtor's repeated inquiries to substantiate the calculations presented in this proof of claim.

29.  The consequence of there being misapplied funds is undeniable and the debtor requires a full accounting of her mortgage account from the date of origination in order to determine the consequences of this unauthorized and, as of October 2009 with the amendements to the Truth In lending Act,  illegal practice.  The Debtors have a right to know if the

misapplied funds have adversely affected the payment of principal and interest to this loan or cause other financial harm to the Debtors.

30. The debtor requested copies of the items for which according to the itemization provided were charged to the debtors account without any further substantiating documents.  Debtor specifically requested copies of all items listed in the Proof of Claim, copies of all invoices and cancelled checks to prove payment of each and every item noted.  Unfortunately, neither Deutsche Bank nor its attorneys have responded to the debtors' request for additional documentation.

    **WHEREFORE,** the debtors pray of the Court as follows:

- A. That Proof of Claim #2-1 be expunged and disallowed;
- B. That Court direct the Chapter 13 Trustee to strike the proof of claim of Deutsche Bank National Trust Company, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2005-OPT1;
- C. That Deutsche Bank National Trust Company, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2005-OPT1 and its agents, servicers, and the like be precluded from filing any amended, modified or substitute claim in this case;
- D. That Deutsche Bank National Trust Company, as Trustee for the Certificate

Holders of Soundview Home Loan Trust 2005-OPT1provide an accounting of all figures set forth in its proof of claim.

- E. That the Debtor have and recover against Deutsche Bank National Trust

Company, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2005-OPT1a sum to be determined by the Court in the form of actual damages;

    F.    That the Debtor have and recover against Deutsche Bank National Trust Company, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2005-OPT1a sum to be determined by the Court in the form of statutory damages;

    G.    That the Debtor have and recover against Deutsche Bank National Trust Company, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2005-OPT1 a sum to be determined by the Court for punitive damages;

    H.    That the Debtor have and recover against Deutsche Bank National Trust Company, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2005-OPT1a sum to be determined by the Court all legal fees and expenses incurred by her attorney; and

    I.    That the debtor have such other and further relief as the Court may deem just and proper.

This the 20th Day of October 2010.

    /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870