**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN THE MATTER OF | ) |
| TIFFANY KRITHARAKIS | ) Chapter 13 |
| Debtor | ) Case No. 10-51328 (AHWS) |
| | ) |

**DEUTSCHE BANK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING DEBTOR'S RULE 30(b)(6) NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, made applicable to this case by Rule 7026 of the Federal Rules of Bankruptcy Procedure, secured creditor Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2005-OPT1 (the "**Movant**" or "**Deutsche Bank**"), a party in interest in the above-captioned chapter 13 bankruptcy case, by and through its undersigned attorney, submits this Memorandum of Law in support of its Motion for Protective Order (the "**Motion for Protective Order**") regarding Debtor's Rule 30(b)(6) Notice of Deposition and Request for Production of Documents, (collectively, the "**Discovery Requests**"). This Motion for Protective Order seeks (i) a Protective Order prohibiting the debtor, Tiffany Kritharakis (the "**Debtor**"), from conducting a deposition(s) of one or more representatives of Deutsche Bank; and, (ii) further seeks an Order quashing the burdensome and oppressive document requests served on Deutsche Bank by the Debtor. A copy of Debtor's Notice of Deposition and Request for Production of Documents is attached as <u>Exhibit A</u>.

1

**PRELIMINARY STATEMENT**

Deutsche Bank is the holder of an originally executed promissory note signed by the Debtor as well as the perfected mortgagee on a piece of property owned by the Debtor and located at 25 Powder Horn Road, Norwalk, CT 06850 (the "**Property**").  The Note (defined later) is specifically indorsed to Deutsche Bank by its predecessor in interest.  Debtor's Discovery Requests arise in connection with Debtor's objection to Deutsche Bank's proof of claim, which is based on a pre-petition mortgage payment default by Debtor.

Deutsche Bank has already provided Debtor with substantial documentation to establish that Deutsche Bank has standing to assert its proof of claim and that it has authority to foreclose upon the Mortgage (defined later).  Debtor has also received substantial documentation pursuant to a Qualified Written Request under the Real Estate Settlement Procedures Act ("**RESPA**").  Moreover, *even prior to filing her objection*, Debtor's counsel was personally invited by Deutsche Bank to inspect the originals of the pertinent documentation at the undersigned's office.  Debtor's counsel thereafter personally reviewed, inspected and even photographed the originals at a meeting on or about October 14, 2010.  Even after filing the objection, Deutsche Bank amended its proof of claim to resolve all of Debtor's concerns.  Despite all of this, Debtor continues to assert frivolous challenges to the standing of Deutsche Bank, and, on the eve of the hearing of the Objection to the Proof of Claim, files the unduly burdensome, irrelevant and duplicative discovery requests in order to harass Deutsche Bank and delay an adjudication on Deutsche Bank's proof of claim.

Debtor is clearly engaged in an oppressive fishing expedition demanding production of an unduly broad assortment of documents relating to seventeen topics including documents already provided (i.e. the Note, Mortgage), Deutsche Bank's own internal loan process, servicing agreements, pooling agreements, the "Mortgage File", a list of custodians and internal policies on the drafting of proof of claims. The Debtor's scheme is further demonstrated by the Notice of Deposition covering sixteen topics. Debtor's proposed discovery is wasteful, irrelevant and sought solely to harass and annoy Deutsche Bank in that none of the sweeping discovery that Debtor is seeking will have any impact on the fact that Debtor remains liable to pay the mortgage debt, and the fact that Deutsche Bank is the holder of the original promissory note made by Debtor and the mortgagee of record and, as such, has the indisputable legal right under Connecticut law to enforce the note and Mortgage against Debtor.

In primary support of the Motion for Protective Order, Deutsche Bank respectfully incorporates the legal arguments made in Deutsche Bank's Reply to Debtor's Objection dated October 20, 2010 (the "**Reply**") [Docket No. 37].

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Deutsche Bank is a secured creditor of the Debtor. First, by virtue of its possession of an originally executed promissory note signed by the Debtor and Evangelos Kritharakis on January 18, 2005, specially indorsed to Deutsche Bank, and annexed to the promissory note are two allonges: the first evidences the transfer of the Note from the original mortgagee, M.A.C. Mortgages ("**M.A.C.**") to Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("**S.S.C.**"), and the second evidences the transfer from

3

S.C.C. to Deutsche Bank (the promissory note, with special indorsement, and allonges are collectively referred to as the "**Note**").

Second, by virtue of assignments of the Mortgage on the Property (the "**Mortgage**"), which was first assigned by the original mortgagee, M.A.C., to S.C.C., and thereafter assigned to Deutsche Bank (the "**Assignments**"). Deutsche Bank is the holder of the Note and the mortgagee of record. As such, Deutsche Bank plainly has standing to pursue its proof of claim.

On April 26, 2010, Deutsche Bank commenced a proceeding to foreclose the Mortgage in Connecticut Superior Court with Docket No. FST-CV-10-6004733-S. The Debtor did not appear in that case. Deutsche Bank was in the process of foreclosing Debtor's interest in the Property when the Debtor filed for bankruptcy relief under chapter 13 of Title 11 of the United States Code.

On July 28, 2010, Deutsche Bank filed a proof of claim (the "**Proof of Claim**") [Claim 2-1] in the amount of $336,345.41, claiming an arrearage of $18,935.66. On August 6, 2010, Deutsche Bank filed an Objection to Debtor's Chapter 13 Plan (the "**Objection to Debtor's Plan**") [Docket No 29], based on Debtor's use of an incorrect arrearage amount.

On August 9, 2010, Debtor submitted to Deutsche Bank a Qualified Written Request ("**QWR**") pursuant to RESPA, 12 U.S.C § 2605(e). Deutsche Bank responded on August 18, 2010, and attached copies of the payment history, the Note and the Mortgage – documents that are <u>still</u> being requested by the Discovery Requests.

On or about October 14, 2010, Deutsche Bank provided Debtor with an opportunity to review the material documents providing Deutsche Bank with standing:

4

primarily, the original Note, with special indorsement and allonges, and copies of the Mortgage and the Assignments. Debtor's counsel visited the undersigned's office, reviewed the documentation and photographed the originals. Despite this, on October 20, 2010, Debtor asserted challenges to Deutsche Bank's standing in an Objection to the Proof of Claim (the "**Objection**") [Docket No. 37], which was the day before a hearing on Debtor's Chapter 13 Plan and Deutsche Bank's Objection to the Plan. The hearing was continued until November 18, 2010, where it was once again continued to February 17, 2011, after Deutsche Bank reluctantly acquiesced to Debtor's request. The Objection raised issues as to Deutsche Bank's standing, the authority of the individual who signed the Proof of Claim, the sufficiency of the documentation attached to the Proof of Claim, and the existence of $255.75 in the suspense account.

In order to avoid wasting any additional time arguing about facts to which there is no genuine dispute, on November 24, 2010, Deutsche Bank amended its Proof of Claim (the "**Amended Proof of Claim**")[Claim # 2-2]. The Amended Proof of Claim summarily responded to all issues (even the frivolous ones) raised in the Objection.

Moreover, on December 3, 2010, Deutsche Bank submitted a Reply to Debtor's Objection to Deutsche Bank's Proof of Claim [Docket No. 43]. The Reply also contained, as exhibits, copies of the originally executed loan documents including the Note, the Mortgage and the Assignments, which were reviewed by Debtor's counsel. Despite the Amended Proof of Claim and Reply satisfying each and every concern contained in the Objection, Debtor's counsel continued to challenge Deutsche Bank's standing.

On December 13, 2010, three days before the scheduled hearing on the Objection, Debtor issued the Notice of Deposition and Requests for Protection, seeking a

5

representative of Deutsche Bank to testify on sixteen subjects and the production of materials and documents covering seventeen distinct topics, including, but not limited to, Deutsche Bank's ownership of the Note.

## ARGUMENT[1]

### A.     Applicable Legal Standard for Protective Order

Rule 26(b) of the Federal Rules of Civil Procedure, made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure, permits a party to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b).   However, all discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which provides in pertinent part as follows:

> (C) When Required.  On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii)   the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

---

[1] Deutsche Bank asserts that any discovery in this matter is unwarranted, irrelevant, and unduly burdensome considering the documents already provided to Debtor and the inspection of the original documents establishing Deutsche Bank's standing.  Therefore, any discovery to be taken in this matter would constitute harassment and is not likely to lead to the discovery of any admissible evidence that could support Debtor's Objection.  Nevertheless, Deutsche Bank reserves the right to assert any privilege and the right to object to any line of questioning during any deposition as well as any of the Debtor's requests for production.

6

Rule 26(c) also authorizes this court to issue a protective order preventing Debtor from harassing Deutsche Bank with wasteful and unnecessary discovery, which is seemingly calculated to cause Deutsche Bank to provide a more favorable loan modification offer to Debtor than Deutsche Bank might otherwise provide under its various typical loan modification programs.

> "A party or any person from which discovery is sought may move for a protective order … The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Fed. R. Civ. P. 26(c)(1)(A)-(D).

"A court is given broad discretion regarding whether to issue a protective order." *Wells Fargo Bank, N.A. v. Konover*, 2009 U.S. Dist. LEXIS 19034, 11-12 (D. Conn. 2009); *See, e.g., LaPlante v. Estano*, 228 F.R.D. 115, 116 (D. Conn. 2005). "However, a court may issue a protective only after the moving party demonstrates good cause.: *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987); *LaPlante v. Estano*, 228 F.R.D. 115, 116 (D. Conn. 2005). "Good cause" exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue burden or expense"  Fed. R. Civ. P. 26(c).

7

"To establish good cause under Rule 26(c), courts require a particularized demonstration of fact, as distinguished from stereotyped and conclusory statements." *Wells Fargo Bank, N.A. v. Konover*, 2009 U.S. Dist. LEXIS 19034, 11-12 (D. Conn. 2009) (internal citations omitted). "However, the party seeking discovery must make at least a prima facie showing that the discovery sought is more than merely a fishing expedition." *Wells Fargo Bank, N.A. v. Konover*, 2009 U.S. Dist. LEXIS 19034, 11-12 (D. Conn. 2009); *See also Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2nd Cir. 1981) ("where a plaintiff fails to produce any specific facts whatsoever to support a[n]. . . allegation, a district court may in its discretion, refuse to permit discovery. . . .")

A party is entitled to a protective order prohibiting a deposition if the party can establish that the undue burden and oppression in conducting the deposition will outweigh the quality of the information sought. *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352-53 (D.N.J. 1990) (equating deposition of attorney to protective orders).

**B.    A Protective Order Is Warranted Because the Expansive Discovery Debtor is Seeking to Pursue Is Duplicative, Legally Irrelevant and Is Nothing More Than an Expensive and Wasteful Exercise in Futility**

As set forth in Deutsche Bank's Reply, incorporated herein by reference, this Court should issue a protective order pursuant to Fed. R. Civ. P. 26 and Fed. R. Bankr. P. 7026 quashing the Debtor's Notice of Deposition in that all of the discovery matters that Debtor is seeking to pursue are legally irrelevant and will not provide any defense to Deutsche Bank's Amended Proof of Claim in this bankruptcy case. These requests are

also duplicative, as Debtor's counsel was already provided with the relevant documentation establishing Deutsche Bank's standing.

For example, none of the expensive discovery sought will change the fact that Deutsche Bank is the holder of the original Note, specially indorsed to it, and mortgagee of record with the indisputable right to enforce the Note and Mortgage against Debtor under Connecticut law. *See* Reply at 4-6. Significantly, Deutsche Bank allowed Debtor's counsel, absent any court order or other authority, to visit the undersigned's office and review and inspect the original documentation in order to enable her to confirm that Deutsche Bank is the holder of the Note. Given that Debtor's counsel has personally inspected the Note, Mortgage, and Assignments, Debtor's proposed scope of inquiry can serve no purpose other than to harass Deutsche Bank and cause undue delay in the pending bankruptcy proceeding. Debtor's counsel inspected the original documentation on or about October 14, 2010 but nevertheless still persists in pursuing an aimless and abusive fishing expedition

Moreover, in response to Debtor's original concerns, albeit staunchly disputed by Deutsche Bank, Debtor's counsel was provided with copies of the documents (e.g., Mortgage and Assignments thereof, and the Note, with special indorsement and allonges) showing that Deutsche Bank is mortgagee of record and holder of the Note. Additionally, the Mortgage and Assignments are matters of public record, available in the Land Records.

As outlined in the Reply, applicable substantive law establishes that Deutsche Bank is the holder of the Note, specially indorsed to it, and the mortgagee of record. Considering Debtor's express knowledge of these facts after reviewing the

9

documentation at the undersigned's office, *even before* filing the Objection, the need for a protective order is paramount. Debtor did not have a good faith basis for her Objection, which is even more glaring in light of the abundant documentation already provided to her. Debtor will not be satisfied without a fishing expedition that is completely irrelevant to the Court's review of Deutsche Bank's Amended Proof of Claim, and therefore a protective order is warranted.

## C. **Debtor's Counsel Should Be Required to Travel to Deutsche Bank's Witnesses in the Event that the Court Permits The Deposition to Proceed.**

If the Court allows for the deposition of representative(s) of Deutsche Bank, which Deutsche Bank respectfully submits that it should not, Deutsche Bank respectfully requests that any depositions, to the extent authorized by the Court, take place only in Jacksonville, Florida, which is the home of American Home Mortgage Servicing, Inc. – who, as the mortgage loan servicer, possesses the knowledge directly applicable to the Debtor's line of questioning. "The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362 (D. Conn. 2005) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). *See Buzzeo v. Board of Education,* 178 F.R.D 390, 392 (E.D.N.Y. 1998); *Connell v. Biltmore Sec. Life Ins. Co.*, 41 F.RD. 136¸137 (D.S.C. 1966) (finding that the usual practice for the deposition of a corporate officer to be taken at the corporation's principal place of business); *Mitchell v. American Tobacco Co.*, 33 F.RD. 262, 263 (M.D. Pa. 1963); *Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 538 (D. Del. 1962). "Employees of a corporate party should ordinarily be deposed where they work, particularly if the

10

corporation is a defendant." *Boss Mfg. Co. v. Hugo Boss AG*, 1999 WL 20828, at *1 (S.D.N.Y. Jan 13 1999). "The decision as to the location of the deposition lies within the discretion of the court, but a factor to be considered is that the corporate defendant has not chosen to litigate, much less chosen, the site of the litigation." *Id.* Here, Debtor chose the forum by filing her bankruptcy case in Connecticut and, as such, Deutsche Bank, and by extension its servicer, is akin to a defendant in the present bankruptcy context.

Moreover¸ the Court should also issue a protective order requiring that any documents or information of a confidential and proprietary nature that might be provided by Deutsche Bank to Debtor's counsel be kept strictly confidential and used solely for purposes of this bankruptcy case.

The undersigned hereby certifies that he has attempted to confer with Debtor's counsel concerning all of the above matter an effort to resolve the dispute without court action. The parties are unable to resolve their dispute due to a fundamental and intractable disagreement between the parties as to whether any discovery is appropriate. (See Declaration of Jonathan A. Kaplan dated January 14, 2011 filed along herewith).

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Debtor's Motion for Protective Order Quashing Debtor's Notice of Deposition should be granted in its entirety, along with such further relief as this Court deems just, equitable and proper.

Dated: January 14, 2011

        **THE MOVANT,**
        DEUTSCHE BANK NATIONAL TRUST COMPANY,
        AS TRUSTEE FOR SOUNDVIEW HOME LOAN
        TRUST 2005-OPT1

        By: */s/ Jonathan A. Kaplan*
        Jonathan A. Kaplan, Esq. (ct27126)
        Martha Croog, LLC
        The Brownstone
        190 Trumbull St, Second Floor
        Hartford, CT 06103
        Tel.:860-236-9661