**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 13 |
| TIFFANY M. KRITHARAKIS, | Case No. 10-51328 (AHWS) |
| Debtor. | |

**UNITED STATES TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF REPRESENTATIVE(S) OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPTI, ASSET BACKED CERTIFICATES, SERIES 2005-OPTI**

Tracy Hope Davis, the United States Trustee for Region 2 ("United States Trustee"), by and through undersigned counsel, respectfully moves this Court for an order pursuant to Fed. R. Bankr. P. 2004 and Fed. R. Bankr. P. 9016 authorizing the examination of a duly authorized representative(s) of **Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPTI Asset Backed Certificates, Series 2005-OPTI** ("Deutsche") and requiring the duly authorized representative(s) of Deutsche appear and give sworn testimony regarding the proofs of claim filed in this case and its ownership of the note and mortgage underlying the proofs of claim, including the transfer of ownership of the note and mortgage. In support of this motion, the United States Trustee respectfully states as follows:

INTRODUCTION

Deutsche has filed two proofs of claim in this case regarding an alleged secured claim arising from a mortgage given to secure a loan made to the debtor and her spouse. The first proof of claim filed on July 28, 2010 (claim no. 2-1 on the claims register) ("POC") failed to include any documentation connecting Deutsche to the underlying mortgage. *See* POC attached as Exhibit 1. On November 24, 2010, Deutsche filed an amended proof of claim (claim no. 2-2 on the claims register) (the "Amended POC"). *See* Amended POC attached as Exhibit 2. The

Amended POC included several documents which purport to establish Deutsche's secured claim. The United States Trustee has reviewed the documents filed by Deutsche in this case and has concerns about the integrity of those documents and the process utilized by Deutsche in filing the POC and the Amended POC. The United States Trustee is concerned that Deutsche has not properly established that it is the owner of the mortgage and underlying note and seeks to examine a duly authorized representative(s) of Deutsche appear and give sworn testimony regarding the POC and Amended POC filed in this case and its ownership of the note and mortgage underlying the POC and the Amended POC, including the transfer of ownership of the note and mortgage.

## BACKGROUND FACTS

1. The debtor Tiffany M. Kritharakis ("Debtor") commenced this case by filing a voluntary petition under chapter 13 of the Bankruptcy Code on June 10, 2010. Molly Whiton serves as the standing Chapter 13 trustee.

2. The initial 11 U.S.C. § 341(a) meeting was scheduled for and held on July 22, 2010.

3. On her Schedule A, the Debtor discloses that she owns real property located at 25 Powder Horn Road, Norwalk, Connecticut (the "Property") having a fair market value of $400,000.

4. On Schedule D, the Debtor disclosed a first mortgage on the Property in favor of American Home Mortgage in the amount of $325,175.47.

### A. *The Deutsche Proof of Claim*

5. On July 28, 2010, Deutsche filed the POC. The POC asserts that notices and payment should be sent to American Home Mortgage Servicing, Inc., 1525 S. Beltline Road, Suite 100, N. Coppell, Texas 75019. The POC asserts a secured debt to Deutsche in the amount of $336,345.51. The POC was signed by Lawrence J. Buckley ("Buckley") as Creditor's Authorized Agent. The address provided for Buckley is P.O. Box 829009, Dallas, TX 75382-

9009.  *See* POC attached as Exhibit 1.

      6.  Annexed to the POC as Exhibit A is an itemization of Claim and Summary of Supporting Documents for the POC.  *See* POC attached as Exhibit 1.  Also annexed to the POC is a copy of an undated promissory note bearing signatures that appear to be those of Debtor and Evangelos Kritharakis under which the Debtor and Evangelos Kritharakis promised to pay to the lender, M.A.C. Mortgages, a Connecticut Corporation ("MAC") the sum of $340,000, plus interest ("Note").  *Id.*  Paragraph 10 of the Note states that the Note is secured by a mortgage in the amount of $340,000 to MAC on the Property dated January 19, 2005 ("Mortgage").  *Id.*

### B.  The Debtor's Plan

      7.  On June 24, 2010, the Debtor filed a chapter 13 plan of reorganization (ECF # 18).

      8.  On August 6, 2010, Deutsche filed an objection to the Debtor's plan (the "Plan Objection") (ECF # 29).  The Plan Objection asserted *inter alia* that the plan could not be confirmed because it failed to address the arrearage owed to Deutsche.  *Id.*  The Plan Objection stated that the Mortgage was assigned by MAC to Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon") by assignment of mortgage dated January 19, 2005 and recorded on the Norwalk Land Records.  *Id.*  Furthermore, the Plan Objection stated that by assignment of mortgage dated June 11, 2010 and recorded on the Norwalk Land Records, Sand Canyon assigned the Mortgage to Deutsche ("Sand Canyon AOM").  *Id.*

### C.  The Debtor's Objection to the POC

      9.  On October 20, 2010, the Debtor filed an objection/motion for sanctions/motion for accounting ("Objection") regarding the POC that alleged a number of issues: (1) a lack of proof of the chain of ownership of the Note going from MAC to Sand Canyon to Deutsche, (2) Deutsche has failed to document how it became the trustee of the trust that owns the Note, (3) problems with the accounting of debt due on the Note with respect to a "suspense account" in the amount of $255.75, and (4) Buckley, who signed the POC, is an attorney with the law firm

of Brice, Vander Linden & Wernick, PC ("Brice Vander") in Dallas, TX and is not licensed to practice law in Connecticut. (ECF # 37). The case docket reflects that a hearing on the Objection was scheduled for November 18, 2010, then continued to December 16, 2010. The case docket reflects that the December 16, 2010 hearing was continued to February 17, 2011.

*D. Deutsche's Amended Proof of Claim*

10. On November 24, 2010, Deutsche filed the Amended POC. *See* Amended POC attached as Exhibit 2.

11. On December 3, 2010, Deutsche filed a response to the Debtor's Objection ("Response") which included the Note, Mortgage, allonges and assignments. (ECF # 43).

12. Annexed to the Amended POC is a copy of the assignment of the Mortgage by MAC to Option One Mortgage Corporation dated January 19, 2005. *See* Exhibit 2 at Part 7.

13. Attached to the Amended POC is a copy of the Sand Canyon AOM which assigns the Mortgage from Sand Canyon to Deutsche. *See* Exhibit 2 at Part 8. The Sand Canyon AOM is dated June 11, 2010 but has an effective date of assignment of May 1, 2005. *Id.*

## GOOD CAUSE EXISTS TO EXAMINE DEUTSCHE

*A. Bankruptcy Rule 2004 is Broad in Scope*

14. Bankruptcy Rule 2004(a) provides that upon the motion of a party in interest, the court may order the examination of an entity regarding the acts, conduct, property, liabilities or financial condition of the debtor or any matter that may affect the administration of the estate of the debtor. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of a party in interest to conduct a 2004 examination, and the permitted scope of that examination is extremely broad. *See, e.g., In re Texaco, Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing In re Johns-Manville Corp.*, 42 B.R. 362 (S.D.N.Y. 1984)).

15. "Good cause" is the standard employed to determine if cause exists to support an examination under Bankruptcy Rule 2004. To obtain authority to conduct an examination, the

movant must show "'some reasonable basis to examine the material ... [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice.'" *In re Grabill Corp.*, 109 B.R. 329, 334 (N.D. Ill.1989) (citing *In re Wilcher*, 56 B.R. 428, 434-35 (Bankr. N.D. Ill.1985) ("the proper allocation of burden of proof on [a motion to quash] initially requires the examiner to show some reasonable basis to examine the material sought to be discovered").

16. "Generally, good cause is shown if the Rule 2004 examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *See In re Meticom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *see also In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex.1998) (same); *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (same); *In re Dinubilo*, 177 B.R. 932, 943 (E.D.Cal.1993). "However the burden of showing good cause is an affirmative one and is not satisfied merely by a showing that justice would not be impeded by production of the requested documents." *Wilcher*, 56 B.R. at 434-35. "Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied." *Express One*, 217 B.R. at 217. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Hammond*, 140 B.R. at 201.

**B. *The United States Trustee has Standing to Seek Relief Under Rule 2004***

17. The United States Trustee is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *See* 28 U.S.C. § 586(a). Congress has expressly given the United States Trustee standing under section 307 of the Bankruptcy Code to raise and be heard on any issue under title 11, except that the United States Trustee may not file a reorganization plan under chapter 11. *See* 11 U.S.C. § 307. *See also United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir.

1994); *In re Glados, Inc.*, 83 F.3d 1360, 1361 n.1 (11th Cir. 1996); *In re Donovan Corp.*, 215 F.3d 929, 930 (9th Cir. 2000); *In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991); *In re Plaza de Diego Shopping Center*, 911 F.2d 820, 824 (1st Cir. 1990); *In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990); *Thompson v. Greenwood*, 507 F.3d 416, 420 n.3 (6th Cir. 2007). Indeed, the United States Trustee is not required to demonstrate any concrete, particularized injury under section 307 of the Bankruptcy Code to assert standing. *See United Artist Theater Co. v. Walton*, 315 F.3d 217, 225 (3d Cir. 2003). Rather, the United States Trustee may take such actions she deems necessary under section 307 of the Bankruptcy Code to protect the public interest in the enforcement of federal bankruptcy law. *See Clark*, 927 F.2d at 796; *Plaza de Diego*, 911 F.2d at 824.

18.  Moreover, Section 586 of Title 28 contains additional authority for the United States Trustee, among other things: (a) to supervise the administration of cases under title 11 and take such actions as the United States Trustee deems necessary to prevent undue delay; and (b) perform such other duties consistent with titles 11 and 28 as the Attorney General may prescribe. *See* 28 U.S.C. §§ 586(a)(3)(G) and 586(a)(5). Even absent the congressional grant of standing to the United States Trustee under Section 307 of the Bankruptcy Code, the United States Trustee has standing to act where its actions advance the United States Trustee's interest in the administration of bankruptcy proceedings. *See A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 776 (4th Cir. 1986).

**C.  *Good Cause Exists for the United States Trustee's Rule 2004 Request***

19.  The United States Trustee has reviewed the documents filed by Deutsche in this case and has concerns about the integrity of those documents and the process utilized by Deutsche in filing the POC and the Amended POC. To begin with, the POC asserted that Deutsche was a creditor of the Debtor, yet the Note and Mortgage annexed to the POC appear to document a note and mortgage as between the Debtor and MAC, not Deutsche. Additionally,

Buckley, the individual who signed the POC on behalf of Deutsche as the "Creditor's Authorized Agent", does not appear to be a Deutsche employee and, according to Debtor's counsel, is an attorney with Brice Vander in Dallas, TX. It is not apparent what steps Buckley took in order to determine that Deutsche was a creditor in the case.

20. Subsequently, Deutsche filed the Amended POC on November 24, 2010. Annexed to the Amended POC is an Allonge to the Note endorsed by Option One Mortgage Corporation on January 19, 2005 making the Note payable to Deutsche Bank National Trust Company, as Trustee ("Option One Allonge"). *See* Amended POC at Part 5.

21. Also annexed to the Amended Proof of Claim is a copy of the Sand Canyon AOM whereby Sand Canyon Corporation f/k/a Option One Mortgage Corporation assigned its rights to the Mortgage to Deutsche. *See* Amended POC at Part 8. The Sand Canyon AOM is dated June 11, 2010 but has an effective date of assignment of May 1, 2005. *Id.* The Sand Canyon AOM is signed by Rhonda Werdel ("Werdel") as Assistant Secretary of Sand Canyon Corporation FKA Option One Mortgage Corporation. *Id.* The May 1, 2005 effective date contained in the Sand Canyon AOM conflicts with the January 19, 2005 dated contained in the Option One Allonge. *See* Amended POC at Part 5 and Part 8.

22. On information and belief, American Home Mortgage Servicing, Inc. purchased the mortgage servicing rights of Sand Canyon in April 2008. *See Declaration of Dale M. Sugimoto, As President of Sand Canyon Corporation, dated March 18, 2009,* doc id # 141 in *In re Ron Wilson, Sr. and LaRhonda Wilson*, 07-11862 (EWM), United States Bankruptcy Court for the Eastern District of Louisiana attached here to as Exhibit 3 ("March 2009 Sugimoto Declaration"). According to the March 2009 Sugimoto Declaration, Sand Canyon does not own any mortgage servicing rights or any residential real estate mortgages. *See* Exhibit 3 at ¶¶ 5, 6. As such, it appears that the Sand Canyon AOM executed in June 2010 may be deficient because Sand Canyon did not own any mortgages in 2010.

23.  Based on these inconsistencies, the United States Trustee requests that she be given the opportunity to question Deutsche about the methods it used and what documents were reviewed and considered before filing the POC, the Amended POC, and its Plan Objection. Bankruptcy Courts have discussed the need for secured lenders to provide accurate information in filings before the Court or else "[t]he debtor and his/her family may lose their home, and the debtor and other creditors may lose significant equity in foreclosure." *In re Gorshtein*, 285 B.R. 118, 122 (Bankr. S.D.N.Y. 2002); *In re Fagan*, 376 B.R. 81, 87 (Bankr. S.D.N.Y. 2007). Consequently, "cause" exists authorizing the issuance of a subpoena to compel document production under Bankruptcy Rules 2004(c) and 9016, and moreover, for the issuance of an order directing Deutsche to appear for an examination under Bankruptcy Rule 2004.

24.  The United States Trustee seeks to examine a duly authorized representative(s) of Deutsche who possesses knowledge and is most familiar with respect to the foregoing issues and regarding documents to be produced by Deutsche pursuant to a subpoena issued by the United States Trustee pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Bankr. P. 2004(c) that will include the following:

   a.   Any and all documents, computer records, reports, or other information in the possession, custody or control of Deutsche that were used or relied upon by Deutsche in support of the proofs of claim filed on its behalf in the United States Bankruptcy Court for the District of Connecticut, in the matter of Tiffany M. Kritharakis, Case Number 10-51328 (AHWS).

   b.   Any and all documents, computer records, reports, or other information in the possession, custody or control of Deutsche regarding and/or related to any requests made by the Debtor to Deutsche regarding her Note and Mortgage between June 2010 to present.

c.  Any and all documents, computer records, reports, or other information in the possession, custody or control of Deutsche that were used or relied upon by Deutsche in support of its objection to the chapter 13 plan filed by the Debtor.

d.  Any and all documents, computer records, reports, or other information in the possession, custody or control of Deutsche that were used or relied upon by Deutsche in support of its response to the Debtor's objection to Deutsche's POC.

e.  All statements and account histories for the mortgage loan in the name of the Debtor.[1]

f.  All documents evidencing, relating or referring to, the authority given by Deutsche and/or Deutsche's authorized agents to Lawrence J. Buckley of Dallas, Texas as "creditor's authorized agent" to act on behalf of Deutsche and file a proof of claim on behalf of Deutsche, including documents evidencing the right to convey authority to act on behalf of Deutsche to individuals who are not employees, officers or directors of Deutsche.

g.  All documents evidencing, relating or referring to, the Sand Canyon AOM, including, but not limited to, any documents evidencing the corporate authority of Rhonda Werdel to execute the Sand Canyon AOM as Assistant Secretary of Sand Canyon.

h.  All documents evidencing, relating or referring to, or concerning any policy or procedure, written or otherwise published, regarding Deutsche's drafting, verifying and filing of proofs of claims in bankruptcy cases in the District of Connecticut, including but not limited to manuals, training manuals, guidebooks or any other documents containing instructions and/or guidance on filing proofs

---

[1] The United States Trustee shall provide a certificate of compliance with The Right to Financial Privacy Act of 1978 prior to the date set for production of documents in the subpoena.

of claim.

25. The United States Trustee seeks an order compelling a duly authorized representative(s) of Deutsche to attend and give sworn testimony at an electronically recorded Rule 2004 examination scheduled at a time convenient to the parties and held at the office of the United States Trustee, Giaimo Federal Building, 150 Court Street, Room 302, New Haven, Connecticut or a location to be agreed upon by the parties.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order compelling a duly authorized representative(s) of Deutsche to attend and give sworn testimony at a Rule 2004 examination, and for such other relief as the Court finds just and appropriate.

Dated:  January 26, 2011                    Respectfully submitted,
        New Haven, Connecticut              TRACY HOPE DAVIS
                                            UNITED STATES TRUSTEE FOR REGION 2


                                      By:    /s/ Holley L. Claiborn
                                            Holley L. Claiborn/ct17216
                                            Trial Attorney
                                            Giaimo Building
                                            150 Court Street, Room 302
                                            New Haven, CT  06510
                                            Tel. (203) 773-2210