Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli PC
Attorney for Debtor
One North Lexington Ave. 11th Floor
White Plains, NY 10601
Phone: (914)946-0860 Fax: (914)946-0870
Email: WestchesterLegal@AOL.com

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------------------X

| | |
|---|---|
| **IN THE MATTER OF** | : |
| | : |
| | :   **CHAPTER 13** |
| **TIFFANY M. KRITARAKIS** | : |
| **CHAPTER 13 DEBTOR** | :   **CASE NO: 10-51328 (AHWS)** |
| | : **DEBTOR'S STATEMENT IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF REPRESENTATIVE(S) OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPTI, ASSET BACKED CERTIFICATES, SERIES 2005-OPTI** |

------------------------------------------------------------------X

**DEBTORS' STATEMENT IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF REPRESENTATIVE(S) OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPTI, ASSET BACKED CERTIFICATES, SERIES 2005-OPTI**

TO: THE HONORABLE HOWARD W SHIFF,
UNITED STATES BANKRUPTCY JUDGE:

The Debtor though her counsel, the undersigned, hereby offers this statement of support of the

United States Trustee's Motion For Rule 2004 Examination Of Representative(S) Of Deutsche

Bank National Trust Company, As Trustee For Soundview Home Loan Trust 2005-Opti, Asset Backed Certificates, Series 2005-Opti. (the "Motion")

The debtor supports and joins the position of the United States Trustee and avers that there are numerous inconsistencies on the face of the documents attached to the two proof of claims filed by the purported creditor.   The clarification and verification of the documents presented by the purported creditor are essential to prove the standing and properly identify the parties and claims in the instant case.  The undersigned does not wish to take up additional court time by repeating the legal arguments set forth by the United States Trustee in its Motion as well as those set forth in the Objection to Proof of Claim ( ECF Doc. #37) (hereinafter the "Debtor's Objection")filed by the Debtor through her counsel of record.   The gravamen of the debtor's objection is the purported creditor's lack of standing to bring a claim in the instant case in this federal court.

By way of additional facts the court should be aware of, prior to filing the debtor's objection, the undersigned at the invitation of the purported creditor's counsel, Martha Groog, traveled to Hartford to review a portion of the creditor's file.  While the undersigned cannot authenticate the documents she discovered the purported "Allonges" are <u>not</u> affixed to the Note.  The undersigned was permitted to photograph the documents side by side in their unaffixed state.  As the purported creditor is a Securitized Trust governed by a Pooling and Servicing Agreement (PSA) and must comport with NYS Law pursuant to the very terms of the PSA.

New York UCC §3-202(2) states: "An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof." This requirement tightened the previous requirement that the indorsement "be written on the

instrument itself or upon a paper attached thereto." The change was deliberate, apparently designed to assure the indorsement would travel with the instrument. This, it was thought, would "protect subsequent purchasers from the risk that the present holder or a previous holder has negotiated the instrument to someone outside the apparent chain of title through a separate document." Adams v. Madison Realty & Dev., Inc., 853 F.2d 163 at 165(3d Cir. 1988). Courts disagree on how an allonge must be physically attached to an instrument. Numerous cases have rejected indorsements on separate sheets of paper loosely inserted in a folder with the instrument not physically attached in any way. Big Builders, Inc. v. Israel, 709 A.2d 74 (D.C. 1988); Town of Freeport v. Ring, 1999 Me. 48. An official comment to the New York UCC expressly rejects use of a paper clip and staples "Subsection (2) follows decisions holding that a purported indorsement on a mortgage or other separate paper pinned or clipped to an instrument is not sufficient for negotiation." New York UCC §3-202, Official Comment 2.

It is clear based upon the "here today gone tomorrow" nature of the instant so-called "Allonge" bearing a purported endorsement of the Note that it is not affixed to the original note. Moreover the Debtor avers that the Allonge is a fabricated document intended to fool the Debtors and the Court as to the nature of the Note, which the Debtor avers, remains unendorsed. The UST by way of a 2004 Examination is acting appropriately given the nature of the documents presented by the creditor to fully explore the circumstances of the creation of the documents submitted to this court.

The undersigned will further point out that subsequent to filing the debtor's objection to the proof of claim she served notices of deposition upon the purported creditor which resulted in the filing of a Motion for Protective Order.  It is clear that neither the creditor not its attorney is

willing to account for the discrepancies in the documentation provided.  The debtor welcomes and supports the UST's involvement in overseeing the instant case and claim.

## **CONCLUSION**

For the reasons set forth herein**,** the Debtor joins the United States Trustee and respectfully requests that the Court GRANT the UST Motion, and further GRANT such other relief as the Court deems just and proper.

DATED: February 16, 2011  /S/ LINDA M. TIRELLI
Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli PC
Attorney for Debtor
One North Lexington Ave. 11th Floor
White Plains, NY 10601
Phone: (914)946-0860
Fax: (914)946-0870
Email: WestchesterLegal@AOL.com

# CERTIFICATE OF SERVICE

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

1. I am not a party for the foregoing proceeding;

2. I am not less than 18 years of age;

3. I have this day served a copy of the foregoing
*"Debtors' Statement In Support Of United States Trustee's Motion For Rule 2004 Examination Of Representative(S) Of Deutsche Bank National Trust Company, As Trustee For Soundview Home Loan Trust 2005-Opti, Asset Backed Certificates, Series 2005-Opti"*

on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Deutsche Bank National Trust Company
As Trustee For
1761 East St. Andrew Place, Santa Ana, CA 92705-4934

American Home Mortgage Servicing, Inc.
1525 S. Beltline Rd. Suite 100 N
Coppell, TX 75019

Martha Croog, Esq,
Law Office of Martha Croog, LLC
740 North Main Street, Suite N
West Hartford, CT 06117

Joe Lozano, Esq.
Lawrence Buckley, Esq.
c/o Brice, Vander Linden & Wernick, P.C.
9441 LBJ Freeway, Suite 250 Dallas, TX 75243

Molly Whiton, ch 13 Trustee
10 Columbus Boulevard
Hartford, CT 06106

Holley Claiborn, Esq. and
Kim McCabe, Esq.
US Department of Justice, Office of the US Trustee
150 Court Street, Suite 302
New Haven , CT 06510

4. To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

5. Service as outlined herein was made within the United States of America.

DATED: February 16, 2011          /S/ LINDA M. TIRELLI
                                  Linda M. Tirelli, Esq.
                                  Law Offices of Linda M. Tirelli PC
                                  Attorney for Debtor
                                  One North Lexington Ave. 11th Floor
                                  White Plains, NY 10601
                                  Phone: (914)946-0860
                                  Fax: (914)946-0870
                                  Email: WestchesterLegal@AOL.com