**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 13 |
| TIFFANY M. KRITHARAKIS, | Case No. 10-51328 (AHWS) |
| Debtor. | |

**UNITED STATES TRUSTEE'S REPLY TO OBJECTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPTI ASSET BACKED CERTIFICATES, SERIES 2005-OPTI TO UNITED STATES TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF REPRESENTATIVE(S) OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPTI, ASSET BACKED CERTIFICATES, SERIES 2005-OPTI**

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), by and through undersigned counsel, respectfully replies to the objection (the "Objection") filed by **Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPTI Asset Backed Certificates, Series 2005-OPTI** ("Deutsche") to the United States Trustee's motion for authority to conduct a Rule 2004 examination of duly authorized representative(s) of Deutsche regarding the proofs of claim filed in this case and its ownership of the note and mortgage underlying the proofs of claim, including the transfer of ownership of the note and mortgage (the "Rule 2004 Motion"). In support of the Rule 2004 Motion and in response to the Objection, the United States Trustee respectfully states as follows:

INTRODUCTION

In this case, the United States Trustee has sought discovery with an aim towards resolving issues in two proofs of claim filed by Deutsche. To that end, the United States Trustee has sought to examine a Deutsche representative competent to address the preparation of proofs of claim in this case and the underlying documents. Moreover, because the issues in the proofs of claim are representative of deficiencies that are frequent and national in scope, the United

States Trustee seeks to understand if the policies and practices utilized by Deutsche to prepare and file the proofs of claim are themselves deficient.

The Objection raises multiple arguments in opposition to the Rule 2004 Motion. In short, Deutsche claims that the United States Trustee has failed to show good cause for the Rule 2004 examination of Deutsche and that the United States Trustee completely lacks any standing to ever seek a Rule 2004 examination under the Bankruptcy Code and the Bankruptcy Rules. Deutsche also claims that the Rule 2004 exam sought is burdensome and unnecessary, especially given the active participation of debtor Tiffany Kritharakis (the "Debtor") in this case, including the contested matter created by the Debtor's objection to Deutsche's proof of claim. Deutsche's arguments, however, are unavailing and are not supported by the facts of this case, the Bankruptcy Code, and recent rulings on the same arguments.

With respect to the objections raised to the documents that the United States Trustee advised it would be requesting pursuant after receiving authorization to conduct a Rule 2004 examination, Deutsche's objections are vague, conclusory and premature as no document request has been served upon Deutsche by the United States Trustee. As discussed more fully below, the United States Trustee should be granted the opportunity to examine Deutsche representatives regarding the proofs of claim it filed in this case and its ownership of the note and mortgage underlying the proofs of claim, including the transfer of ownership of the note and mortgage.

**SUPPLEMENTAL BACKGROUND FACTS**

In order to furnish the Court with an accurate factual portrayal, the following two facts, excluded from Deutsche's objection, are presented to the Court:

1. In connection with her October 20, 2010 objection/motion for sanctions/motion for accounting against Deutsche regarding its proof of claim (ECF doc id # 37), the Debtor has

sought discovery from Deutsche in the form of documents and a deposition. Deutsche filed a motion for a protective order on January 14, 2011 (ECF doc id # 47) to avoid appearing for a deposition by the Debtor and to avoid producing all of the documents requested by the Debtor.

2. On February 16, 2011, the undersigned counsel participated in a conference call with personnel from the Office of the United States Trustee and Thomas Connop, counsel to Deutsche, regarding the Rule 2004 Motion. During such call, Attorney Connop was advised that the United States Trustee was not insisting on conducting the examination in Connecticut and was willing to work with Deutsche on selecting a convenient location.

## GOOD CAUSE EXISTS TO EXAMINE DEUTSCHE

**1.     The United States Trustee Has The Standing And Power To Conduct Rule 2004 Examinations And Seek Documents In Support Of Such Examinations.**

Because it is a threshold matter, the United States Trustee first addresses Deutsche's argument that the United States Trustee lacks the authority to conduct Rule 2004 examinations. This argument is without merit and represents a fundamental misunderstanding of the role of the United States Trustee in the bankruptcy system.

Federal Rule of Bankruptcy Procedure 2004 provides that a motion for the examination of any entity may be brought by "any party in interest." Fed. R. Bankr. P. 2004(a). The United States Trustee is, with some exceptions not relevant here, a party in interest entitled to take all actions permitted to be taken by any other party in interest. This includes the right to conduct an examination pursuant to Rule 2004 and to seek documents in conjunction with that examination.

Deutsche's argument to the contrary should be rejected for several reasons: (1) it is contrary to the broad grant of standing conferred by section 307; (2) even in the absence of section 307, it would conflict with the United States Trustee's public interest standing noted in

*A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774 (4th Cir. 1986); (3) at least seven bankruptcy courts have expressly recognized the power and standing of the United States Trustee to conduct Rule 2004 examinations and have rejected arguments similar to those advanced by Deutsche; and (4) Deutsche's argument conflicts with an extensive line of cases upholding the United States Trustee's standing in a variety of contexts including those situations where the Bankruptcy Code did not explicitly authorize the United States Trustee to act.

      **a.    Section 307's Grant Of Standing Includes The Power To Conduct 2004 Examinations.**

The United States Trustee is a party in interest because Congress gave her statutory standing to participate in this case. Section 307 confers broad standing on the United States Trustee to "raise[,] . . . appear and be heard on *any issue in any case* or proceeding" arising under the Bankruptcy Code. 11 U.S.C. § 307 (emphasis added); *see also In re Pillowtex, Inc.*, 304 F.3d 246, 250 (3d Cir. 2002) ("[T]he House Report to the legislation expanding and implementing the [United States] Trustee program on a national scale, embodied in 11 U.S.C. § 307, *expressly puts the United States Trustee on the level of a party*.") (emphasis added). "It is difficult to conceive of a statute that more clearly signifies Congress's intent to confer standing." *United States Trustee v. Columbia Gas Sys. (In re Columbia Gas Sys.)*, 33 F.3d, 294, 296 (3d Cir. 1994).

The fact that Rule 2004 refers to motions by "a party in interest" without expressly mentioning the United States Trustee does not justify creating an exception to the broad standing conferred by section 307. Although the Bankruptcy Code does not define "party in

interest," it is well-established that the term "party in interest" includes the United States Trustee for some purposes under the Bankruptcy Code. In particular, section 1121 states that a debtor filing a plan in a small business case is required to "provid[e] notice to parties in interest . . . *including the United States trustee*." 11 U.S.C. § 1121(e)(3)(A) (emphasis added). Similarly, in sections 330 and 707 and Rules 2001 and 2015.3, references to the United States Trustee are followed by words, "or . . . *other party in interest*." 11 U.S.C. §§ 330(a)(2), 707(b)(7)(A); Fed. R. Bankr. P. 2001(a), 2015.3(b) & (c) (emphasis added).

Conversely, where Congress has chosen to limit the standing of the United States Trustee compared to other parties in interest, it has done so expressly. *See United States Trustee v. Clark (In re Clark)*, 927 F.2d 793, 796 (4th Cir. 1991). Thus, section 707 refers to motions "filed by a party in interest (*other than . . . the United States [T]rustee*)." 11 U.S.C. § 707(b)(5)(A) (emphasis added). In addition, although section 1121(c) permits any party in interest to file a chapter 11 reorganization plan, section 307 qualifies this statement by providing that section 1121(c) does not apply to the United States Trustee. *See* 11 U.S.C. § 307. If the United States Trustee was not a party in interest, this language in section 307 would be unnecessary. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'") (*quoting Duncan v. Walker*, 533 U.S. 167, 174 (2001) (*internal quotation marks omitted*)).

> b. **The United States Trustee's Standing To Protect The Public Interest Confers Standing To Conduct 2004 Examinations.**

The United States Trustee's standing is not predicated solely on section 307. Even prior to the enactment of section 307, the Fourth Circuit ruled that the United States Trustee is a party in interest when carrying out the public interest to prevent an abuse of the bankruptcy process. *In re A-1 Trash Pickup*, 802 F.2d at 774. The Sixth Circuit held likewise when, even after the enactment of section 307, it first based the United States Trustee's appellate standing on its protection of the public interest. *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("That is the interest the [United States Trustee] has pursued in this case, and that interest gives him standing to appeal.").[1] The Second Circuit has also noted, in passing, that support of the public interest is a basis for appellate standing of the United States Trustee. *See Dish Network Television Corp. v. DBSD North America, Inc. (In re DBSD North America, Inc.)*, – F.3d – , 2011 WL 350480, at *4 n.3 (2d Cir. Feb. 7, 2011).

None of this is exceptional. The United States Supreme Court ruled almost seven decades ago that the United States has standing to protect the public interest. *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459-60 (1940). The United States Trustee, an officer of the United States Department of Justice and the "watchdog" who guards against fraud and abuse of the bankruptcy system, does just that. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 1, 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049 ("The proposed United States Trustees will

---

[1] The Sixth Circuit went on to find that section 307 was an additional basis for standing. *In re Revco D.S., Inc.*, 898 F.2d at 500 ("We find further proof in the structure of the bankruptcy code that Congress intended the U.S. trustee to have appellate standing.") (citing 11 U.S.C. § 307).

be the repository of many of the administrative functions now performed by bankruptcy judges, and will serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena."); *see also In re South Beach Secs., Inc.*, 606 F.3d 366, 371 (7th Cir. 2010) (Posner, J.) (the United States Trustee is "the congressionally ordained watchdog – he has a statutory interest in making sure that bankruptcy law isn't abused").[2]

### c. Several Cases Have Affirmed The Power Of The United States Trustee To Conduct Rule 2004 Examination.

This is not the first time that the power of the United States Trustee to conduct Rule 2004 Examinations has been questioned. In each case, the court considering the question has reached the same conclusion: the powers of the United States Trustee includes the power to conduct a Rule 2004 examination. Not a single court has adopted Deutsche's position.

In two related cases in the Southern District of Florida, Countrywide Home Loans, Inc. ("Countrywide") objected to Rule 2004 motions filed by the United States Trustee because, according to Countrywide, the United States Trustee lacked the statutory authority to conduct Rule 2004 examinations. *See In re Del Castillo*, 07-13601 (Bankr. S.D. Fla.) (Dkt. 101 at 1-2); *In re Chadwick*, 05-37014 (Bankr. S.D. Fla.) (Dkt. 62 at 1-2). The Court rejected this argument

---

[2] The importance of the United States Trustee's role in uncovering bankruptcy abuse was recently discussed at length in another decision involving mortgage servicers, in which the bankruptcy court observed:

> While the Court would prefer not to have to invoke § 105(a) and instead have debtors' attorneys lodge objections to ill-founded proofs of claim and motions to lift stay, in actual practice serious and thorough challenges are rarely mounted. The absence of such challenges argues in favor of this Court and the [United States Trustee] becoming more – not less– involved in scrutinizing payment histories and conduct of mortgagees to avoid abuse of the bankruptcy system becoming accepted practice.

*In re Parsley*, 384 B.R. 138, 173 (Bankr. S.D. Tex. 2008); *see also id.* at 146 ("Although it is uncommon, and possibly unprecedented until recently, for the [United States Trustee] to focus on the conduct of a mortgagee, a servicer, or its counsel in a Chapter 13 case, it does not follow that the [United States Trustee] is outside of its Congressional mandate.").

in both cases. *See In re Del Castillo*, 07-13601, order at 2 (Bankr. S.D. Fla. June 27, 2008); *In re Chadwick*, 05-37014, order at 2 (Bankr. S.D. Fla. Dec. 10, 2007).[3]

In an extensive discussion of the issue, again involving Countrywide, the Bankruptcy Court for the Western District of Pennsylvania also considered the exact question presented here. In *In re Countrywide Home Loans, Inc.*, 384 B.R. 373 (Bankr. W.D. Pa. 2008), a United States Trustee sought to conduct a Rule 2004 examination and serve subpoenas *duces tecum* on Countrywide in ten cases. The United States Trustee had reason to believe Countrywide had engaged in questionable conduct in those and other cases that threatened the integrity of the bankruptcy system.

The court concluded that the United States Trustee has the power under section 307 to conduct Rule 2004 exams. *In re Countrywide*, 384 B.R. at 384 ("The Court . . . has no difficulty concluding that the plain meaning of the power to 'raise' and to 'appear and be heard' as to any issue in any bankruptcy case or proceeding includes the ability to conduct examinations pursuant to Rule 2004 in the right circumstances."). According to the court:

> The [United States Trustee] is a 'party in interest' in this case. The [United States Trustee] has a sufficient stake in this case because she has been charged to act as a watchdog to protect the integrity of the bankruptcy system. Assuming for the moment that the [United States Trustee] has at least averred sufficient allegations of fact to raise the possibility of Countrywide's abuse of the bankruptcy system, the [United States Trustee] certainly has an interest in looking further into this possibility for no other reason than she is required to do so because of her statutory duties as interpreted by applicable case law.

*Id.* at 391.[4]

---

[3] Copies of these orders are attached hereto as Exhibits A and B.

[4] Numerous courts have either granted motions by United States Trustees to conduct Rule 2004 exams, without any apparent objection to standing, or have referenced prior orders granting such relief. *See. e.g., In re*

The Bankruptcy Court for the Eastern District of Louisiana relied on the *Countrywide* decision to deny a similar motion filed by another mortgage servicer. *In re Wilson*, 413 B.R. 330 (Bankr. E.D. La. 2009).[5] The Court "[found] no reason to differ from the vast majority of courts on this issue and specifically adopt[ed] the reasoning found in [*Countrywide*]." *Id.* at 335.

Very recently four more courts have rejected Deutsche's argument. In a decision covering a number of cases, the Bankruptcy Court for the Central District of California recognized the authority of the United States Trustee to conduct a Rule 2004 Examination. *In re Luna*, No. 10-mp-00101 (Bankr. C.D. Cal. Jan. 28, 2011).[6] In those cases, the United States Trustee had sought to conduct examinations and subpoena documents of BAC Home Loan Servicing LP ("BAC").[7] BAC raised similar arguments to those advanced here.

The Court rejected BAC's arguments and held that "section 307's broad language nonetheless serves to ensure that the [United States Trustee] possesses the flexibility necessary

---

*Osborne*, No. 05-30018, 2008 WL 56021 at *1 (Bankr. W.D. Ky. Jan. 3, 2008); *In re Duran*, 347 B.R. 760, 763 n.5 (Bankr. D. Colo. 2006); *In re Degiorgio*, No. 05-39032, 2006 WL 2583310 at *1 (Bankr. S.D.N.Y. July 14, 2006); *In re Ladevereaux*, No. 04-11376-RS, 2006 WL 549239 at *6 (Bankr. D. Mass. March 6, 2006); *In re Penland*, No. 05-00172, 2005 WL 4704990 at *1 (Bankr. D. Idaho Nov. 8, 2005); *In re Zuniga*, 332 B.R. 760, 772 (Bankr. S.D. Tex. 2005); *Dean v. McDow*, 299 B.R. 133, 135 (E.D. Va. 2003); *Gache v. Balaber-Strauss*, 198 B.R. 662, 663 (S.D.N.Y. 1996).

[5] In *Wilson*, the United States Trustee did not seek discovery pursuant to Rule 2004. It is nonetheless clear that the court's decision would have been the same. The Court specifically suggested "that a Motion for Examination under Rule 2004 is the preferable method for the [United States Trustee] to obtain the information it seeks from the Movants . . . . To require the [United States Trustee] to file Motions for 2004 Examination at this stage would be duplicative." *In re Wilson*, 413 B.R. at 336.

[6] A copy of the court's decision is attached as Exhibit C. BAC has filed a motion for stay of the court's decision in the *Luna* cases pending appeal as well as a motion for leave to file an appeal.

[7] BAC is the successor entity to a Countrywide subsidiary. In July, 2008, Countrywide was acquired by Bank of America Corporation. Subsequent to the merger, Countrywide Home Loans Services, LP, became known as BAC.

to carry out its 'watchdog' responsibilities in bankruptcy cases, including the ability to conduct 2004 examinations in an effort to prevent abuse. . . . It would make no sense to confer investigative powers on the United States Trustee and give them the same rights as a party in interest and not to afford rights to utilize 2004 examinations." *Id.* at 5. The court also expressly adopted the reasoning of *Countrywide*. *Id.*

Likewise, in *In re Romas*, No. 10-90007 (Bankr. D.S.C. Feb. 3, 2011), the Bankruptcy Court for District of South Carolina held that "the United States Trustee is a party in interest for the purposes of Rule 2004." *Id.* at 5.[8] The court rejected arguments to the contrary by Wells Fargo Home Mortgage and found that the United States Trustee's authority rested on section 307, as well as the United States Trustee's more general standing to protect the public interest. *Id.* (citing *In re A-1 Trash Pickup*, 802 F.2d at 774). According to the court, "the procedures available under Rule 2004 are an invaluable tool for carrying out the statutory mission of the United States Trustee Program." *Id.* at 8.

The Bankruptcy Court for the Northern District of Ohio has also concluded likewise when it held that "that the UST is a party in interest under Rule 2004." *In re Santiago*, No. 10-17135, slip. op. at 6 (Bankr. N.D. Ohio Feb. 11, 2011).[9] In that case, the Court expressly adopted the reasoning of the *Countrywide* decision. *Id.* A second judge in the Northern District of Ohio did the same. *See In re Michalski*, No. 10-41401, mem. op. at 9-10 (Bankr. N.D. Ohio

---

[8] A copy of the court's decision is attached as Exhibit D.

[9] A copy of the court's decision is attached as Exhibit E. BAC has filed a motion for stay of the court's decision in that case pending appeal as well as a motion for leave to file an appeal.

Mar. 4, 2011).[10]

The Bankruptcy Court for the Western District of Tennessee has also rejected Deutsche's argument. According to that court: "As long as the Rule 2004 motion adequately alleges facts that demonstrate the integrity of the bankruptcy system might be at stake, § 307's statutorily imposed duty gives the United States trustee a sufficient stake in a case to qualify as a party in interest for purposes of Rule 2004. The [United States] Trustee has standing to pursue a Rule 2004 examination of any entity," including the debtor's creditors." *In re Currin*, No. 10-13556, mem. op. at 8 (Bankr. W.D. Tenn. Feb. 22, 2011).[11]

Finally, the Bankruptcy Court for the Western District of Arkansas has also joined the long list of courts that have rejected arguments such as those advanced by Deutsche. That court has held that "[t]he United States Trustee is a party in interest and has standing to conduct an examination of BAC under Fed. R. Bankr. P. 2004 pursuant to the United States Trustee's authority under 11 U.S.C. § 307 and Rule 2004." *In re Morris*, No. 07-73592 (Bankr. W.D. Ark. March 1, 2011).[12]

In sum, at least seven different bankruptcy courts have recognized the power of the United States Trustee to conduct a 2004 examination and an eighth court made it clear it would have done the same. Not a single court has adopted Deutsche's argument.

---

[10] A copy of the court's decision is attached as Exhibit F.

[11] A copy of the court's decision is attached as Exhibit G.

[12] A copy of the court's decision is attached as Exhibit H.

11

### d. The Weight Of Precedent Stands Firmly Opposed To Deutsche.

Finally, Deutsche's argument flies in the face of an unbroken line of decisions, including a number of decisions from six different circuit courts of appeal including the Second Circuit, that broadly construe the United States Trustee's standing in a variety of contexts. *See, e.g., DBSD North America, Inc.*, 2011 WL 350480 at *4 n.3 (2d Cir., February 7, 2011) (in dicta, the Court stated that while a pecuniary interest can form a basis to appeal, "[t]he 'public interest' may also provide standing to appeal, as in the case of a United States Trustee . . . ."); *Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 161-62 (2d Cir. 2010) (reversing district court ruling that the United States Trustee lacked standing to seek dismissal of debtors' cases for failure to obtain credit counseling); *In re South Beach Secs., Inc.*, 606 F.3d at 371 (the United States Trustee is a party in interest for the purposes of section 1129(d) of the Code); *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217, 225 (3d Cir. 2003) (the United States Trustee has standing to challenge an indemnification provision in a professional retention agreement); *In re Columbia Gas Sys.*, 33 F.3d at 296 (the United States Trustee has standing to contest chapter 11 debtors' investment guidelines for investing bankruptcy estate funds); *Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000) (the United States Trustee has standing to appeal the denial of her motion to disgorge professional fees); *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1535 (9th Cir. 1994) (the United States Trustee has standing to appeal the calculation of sales proceeds); *Interwest Bus. Equip., Inc. v. United States Trustee (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 317 n.10 (10th Cir. 1994); *In re Revco D.S., Inc.*, 898 F.2d at 499 (the United States

Trustee has standing to appeal bankruptcy court decision not to appoint an examiner); *In re A-1 Trash Pickup*, 802 F.2d at 774 (the United States Trustee is a party in interest for the purposes of section 1112(b) of the Code); *Walton v. Countrywide Home Loans, Inc.*, No. 08-23337-CIV, 2009 WL 1905035, at *4 (S.D. Fla. June 9, 2009) (the United States Trustee "has standing to bring an adversary proceeding for sanctions"); *Clippard v. LWD, Inc. (In re LWD, Inc.)*, 342 B.R. 514, 518 (Bankr. W.D. Ky. 2006) (the United States Trustee has standing under public interest doctrine to file a complaint alleging improper diminishing of estate assets); *In re Curtis L. Stuart@UCC1-207*, No. 05-95809, 2005 WL 3953894, at *2 (Bankr. N.D. Ga. Dec. 19, 2005) (the United States Trustee has standing to file motions to dismiss chapter 11 cases); *In re Miles*, 330 B.R. 848, 850 (Bankr. M.D. Ga. 2004) (the United States Trustee may bring a motion to dismiss for improper venue pursuant to Rule 1014(a) because "the legislative history indicates that Congress intended the United States Trustee to be the equivalent of a party in interest, but retain discretion to raise issues"); *In re Ross*, 312 B.R. 879, 886 (Bankr. W.D. Tenn. 2004) (the United States Trustee can object to venue under Rule 1014, notwithstanding that the rule required a motion by "party in interest" and did not expressly mention United States Trustee), *aff'd. sub nom. In re MacDonald*, 356 B.R. 416 (W.D. Tenn. 2006) *and aff'd. sub nom. Thompson v. Greenwood*, 507 F.3d 416 (6th Cir. 2007); *see also In re Columbia Western, Inc.*, 183 B.R. 660, 664 (Bankr. D. Mass. 1995) ("Pursuant to [section] 307, the United States [Trustee] is a party in interest.").

It is proper for the United States Trustee to act in the Debtor's case in these circumstances. The United States Trustee's participation in these proceedings is necessary because Deutsche's possible non-compliance with the law affects the public interest. Here, it

appears that Deutsche has filed one facially deficient proof of claim and another proof of claim that invites scrutiny as to the underlying documents. The filing of inaccurate proofs of claims by purported creditors in bankruptcy proceedings have a negative effect on the bankruptcy system in many ways. For example, debtors may be required to pay more than required to satisfy a Chapter 13 plan. Also, if illegal claims are allowed by the bankruptcy court, there may be insufficient assets to satisfy all creditors, lower priority creditors may be discriminated against as there may be insufficient funds to satisfy their claims and the unsubstantiated claims of alleged senior creditors may improperly be given priority status.

2.  **The United States Trustee Has Demonstrated Good Cause For The Requested Rule 2004 Examination**.

Deutsche does not dispute that it has filed two proofs of claim in this case and implicitly argues that whatever problems ailed the first proof of claim were cured by the amended proof of claim, thereby eliminating any reason to inquire about the first proof of claim. *See* Objection at p. 5. Such a position effectively validates the United States Trustee's concern about the process used to determine the information used to prepare the proof of claim. Deutsche's position that it should not have to explain its process further invites concern about the process itself. *See* Objection at p. 5. Such concerns are being raised across the country by Courts, United States Trustees and other interested parties.

Deutsche also takes great efforts to tell this Court that, whatever problems might exist with the timing of the Option One Allonge[13] dated January 19, 2005 and the Sand Canyon AOM dated June 11, 2010, such problems are of no import. According to Deutsche, it is in possession

---

[13] This capitalized term, along with the terms Note and Sand Canyon AOM, are defined in the Rule 2004 Motion.

14

of the original Note and that, by itself, is sufficient to confer standing to pursue collection of the Note, including standing to commence a foreclosure. *See* Objection at pp. 6-8. In support of this argument, Deutsche relies on *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570 (2010). The *Chase Finance* decision, however, supports the position that the physical holder of a note *endorsed in blank* may enforce the note as a holder in due course. *Id*. Here, the Note is not endorsed in blank. Instead, Deutsche's right to payment under the Note allegedly arises from the Option One Allonge.

The facts of this case invite further inquiry as to whether Deutsche is the proper holder of the Note. Such facts include the following:

• The Option One Allonge is dated January 19, 2005 but the Sand Canyon AOM is dated June 11, 2010 and uses an effective date of assignment of May 1, 2005.

• On information and belief, American Home Mortgage Servicing, Inc. purchased the mortgage servicing rights of Sand Canyon in April 2008 and Sand Canyon did not own any mortgages in 2010, therefore it may not have had authority to convey mortgages in 2010. *See Declaration of Dale M. Sugimoto, As President of Sand Canyon Corporation, dated March 18, 2009,* doc id # 141 in *In re Ron Wilson, Sr. and LaRhonda Wilson*, 07-11862 (EWM), United States Bankruptcy Court for the Eastern District of Louisiana attached as Exhibit 3 to the Rule 2004 Motion ("March 2009 Sugimoto Declaration"); *see* Rule 2004 Motion at ¶ 20-22.[14]

The United States Trustee does not dispute the case law cited by Deutsche at page 7 of its Objection, that under Connecticut law a mortgage follows the debt. If, however, there is a problem with the validity of the Option One Allonge, then Deutsche may not be entitled to

---

[14] Deutsche's Objection does not mention the March 2009 Sugimoto Declaration.

enforce the Note - and the mortgage cannot "follow." Deutsche should be required to explain the inconsistencies between the Option One Allonge, the Sand Canyon AOM, and the March 2009 Sugimoto Declaration, so that the question of its ownership of the Note can be examined.

3. **The Existence Of A Contested Matter Between The Debtor And Deutsche Does Not Preclude The United States Trustee From Conducting A Rule 2004 Examination.**

The mere existence of a contested matter between the Debtor and Deutsche does not preclude the United States Trustee from conducting a Rule 2004 examination. The United States Trustee is not a party to that contested matter. Furthermore, there is no underlying contested matter or adversary proceeding between Deutsche and the United States Trustee. Under such circumstances, the analysis turns to the purpose of the requested Rule 2004 examination, the party seeking the examination, and the effect on the intended examinee. *See, e.g.*, *In re Washington Mutual Inc.*, 408 B.R. 45, 49-51 (Bankr. D. Del. 2009); *In re Enron Corp. Secs. Derivative & ERISA Litig. (Newby v. Enron Corp.)*, 2003 WL 22319078 (S.D. Tex. May 29, 2003).

As set forth above, in requesting the Rule 2004 examination of Deutsche, the United States Trustee is performing her "watchdog" duties. The United States Trustee seeks to gather information which she will review. The analysis following such review will guide whether, and how, the United States Trustee will her exercise her discretion.

The United States Trustee has not filed any pleading in connection with the contested matter pending between the Debtor and Deutsche. As such, even though the United States Trustee seeks information that is related to the contested matter between the Debtor and Deutsche, the United States Trustee is independently entitled to seek information pursuant to a

Rule 2004 examination. *See, e.g.*, *In re Washington Mutual Inc.*, 408 B.R. at 51 (chapter 11 debtor permitted to conduct 2004 exam of asset purchaser regarding information that was subject of pending action between insurance companies and asset purchaser); *Newby*, 2003 WL 22319078 at * 3 (chapter 11 examiner, as a non-party, permitted to conduct rule 2004 examinations of individuals where topics of examinations covered areas of pending litigation); *see also In re Bennett Funding Group, Inc.*, 203 B.R. at 29 (noting that precluding the use of the 2004 examination device when any adversary proceeding has been commenced would allow entities unaffected by the proceeding to avoid examination).

4. **Participating In A Rule 2004 Examination Conducted By The United States Trustee Is Not Unduly Burdensome.**

Deutsche argues that the examination sought by the United States Trustee is unnecessary because the issue of ownership of the Note has been resolved by its amended proof of claim. *See* Objection at p. 17. Such is not the case as discussed above.

Deutsche has filed two proofs of claim in this Case, thereby consenting to the jurisdiction of the Court. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989). As a creditor seeking to assert a debt due in this case, however, Deutsche should be expected to respond to questions about its debt, rather than seek insulation from reasonable inquiry. Despite the existence of jurisdiction here in Connecticut, the United States Trustee is willing to conduct the examination at a time and location convenient to all, including conducting the examination in Florida. The United States Trustee is also willing to schedule the examination for the same date as the Debtor's deposition of Deutsche to lessen the burden.

In the experiences of the United States Trustee, it has not been the practice of the Court to entertain disputes about documents requested in connection with Rule 2004 exams until the subject of the examination receives a subpoena, and complains to the Court about the scope and/or breadth of the document request in the subpoena. As such, the United States Trustee has only filed her Rule 2004 Motion and has not formally requested any documentation from Deutsche. The United States Trustee included categories of documents in the Rule 2004 Motion merely on an informational basis. Notwithstanding local practice, Deutsche has objected to every single category of documents, and many of the objections are raised using conclusory language. Deutsche's objections include the following: vague, ambiguous, overly broad, unduly burdensome, calls for information protected by the work product and/or attorney-client privilege, calls for information that is not relevant nor reasonably likely to lead to the discovery of admissible evidence, and calls for information that is confidential and/or a trade secret. *See* Objection at pp. 17-21. Effectively, Deutsche's position is that no documents would be appropriate to produce. Such a position is not appropriate.

Deutsche is obligated to explain in detail why the discovery sought is not appropriate. *In re Worldcom, Inc.*, 2008 WL 427986, *3 (Bankr. S.D.N.Y. Feb. 14, 2008) ("The party resisting discovery bears the burden of showing why discovery should be denied"), *referencing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). That obligation arises when the United States Trustee serves discovery, not before. If for example, after being served with discovery, Deutsche believes that the document requests seek confidential and proprietary information, and it cannot work out an appropriate protocol with the United States Trustee to deal with its concerns, it is free to seek a protective order pursuant to Rule 9018 and section 107.

*National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009) ("[I]f defendant truly believes it has confidential information that should be protected by a protective order, it should have . . . filed a motion for a protective order before the date by which it was to produce responsive documents"). It is thus, at this point, premature to ask this Court to deny discovery of documents.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order compelling a duly authorized representative(s) of Deutsche to attend and give sworn testimony at a Rule 2004 examination, and for such other relief as the Court finds just and appropriate.


Dated:  March 14, 2011                     Respectfully submitted,
       New Haven, Connecticut            TRACY HOPE DAVIS
                                                UNITED STATES TRUSTEE FOR REGION 2

                                            By: /s/ Holley L. Claiborn
                                                 Holley L. Claiborn / ct17216
                                                 Trial Attorney
                                                 Giaimo Building
                                                 150 Court Street, Room 302
                                                 New Haven, CT  06510
                                                 Tel. (203) 773-2210

## CERTIFICATE OF SERVICE

      The undersigned certifies that on March 14, 2011, the parties listed below were served, via the Court's CM/ECF system, with a copy of the nited States Trustee's Reply to Objection of Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPTI, Asset Backed Certificates, Series 2005-OPTI to United States Trustee's Motion for Rule 2004 Examination of Representative(s) of Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPTI, Asset Backed Certificates, Series 2005-OPTI:

*Counsel for Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPTI, Asset Backed Certificates, Series 2005-OPTI:*

    Thomas A. Connop tconnop@lockelord.com

    Martha E. Croog martha.croog@mcroogllc.com,
        gary.beach@mcroogllc.com;nicholas.ouellette@mcroogllc.com

    Jonathan Kaplan Jonathan.Kaplan@MCroogLLC.com

    Bradley C. Knapp bknapp@lockelord.com

*Counsel for the Debtor:*

    Linda M. Tirelli westchesterlegal@aol.com

*Chapter 13 Trustee:*

    Molly T. Whiton mtwhiton@mtwhiton.com

                                                      By: /s/ Holley L. Claiborn
                                                            Holley L. Claiborn