LINDA TIRELLI
COUNSEL FOR DEBTOR
ONE NORTH LEXINGTON AVENUE, 11TH FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------------------X

**IN THE MATTER OF**        **:**

       **: CHAPTER 13**

**TIFFANY KRITHARAKIS**        **: CASE NO: 10−51328**

       **:**

       **DEBTOR**        **:**

--------------------------------------------------------------------X

**DEBTOR'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**
**FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR**
**SOUNDVIEW HOME LOAN TRUST 2005-OPTI, ASSET BACKED CERTIFICATES,**
**SERIES 2005-OPTI**

**To: Honorable Judge AHW Shiff:**

Attached please find the original Exhibits A through N to ECF Document No. 75 and/or corrective Document Number 79. All of said exhibits were mailed via hard copy to all parties as previously certified, but did not post on ECF due to technological errors.

Respectfully submitted this 31st day of March 2011.

/s/ LINDA M. TIRELLI
Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli PC
Attorney for Debtor
One North Lexington Ave. 11th Floor
White Plains, NY 10601
Phone: (914)946-0860 / Fax: (914)946-0870
Email: WestchesterLegal@AOL.com

# EXHIBIT "A"

---

## LAW OFFICES OF LINDA M.TIRELLI, PC
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946-0860 / FAX (914) 946-0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

---

# EXHIBIT "A"

**SUMMONS - CIVIL**
JD-CV-1 Rev. 9-08
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, 06905 | ( 203 ) 965-5307 | May    4    2010 <br> Month   Day   Year |

☒ Judicial District    ☐ G.A. Number:
At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) **Stamford-Norwalk**
Case type code (See list on page 2)
Major: **P**    Minor: **00**

☐ Housing Session

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Martha Croog, LLC, 740 North Main Street, Suite M, West Hartford, CT 06117 | 419166 |

Telephone number (with area code) ( 860 ) 236-9661     Signature of Plaintiff (if self-represented)

Number of Plaintiffs: 1    Number of Defendants: 3    ☐ Form JD-CV-2 attached for additional parties

| Parties | | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|---|
| First Plaintiff | Name: | Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, | P-01 |
| | Address: | Asset-Backed Certificates, Series 2005-OPT1 <br> 1761 East Saint Andrew Place, Santa Ana, CA 92705 | |
| Additional Plaintiff | Name: <br> Address: | | P-02 |
| First Defendant | Name: <br> Address: | Kritharakis, Evangelos <br> 25 Powder Horn Road, Norwalk, Connecticut 06850 | D-50 |
| Additional Defendant | Name: <br> Address: | Kritharakis, Tiffany M. FKA Tiffany M. Stadler <br> 25 Powder Horn Road, Norwalk, Connecticut 06850 | D-51 |
| Additional Defendant | Name: <br> Address: | Beneficial Mortgage Co. of Connecticut <br> Mailing: 26525 N. Riverwoods Blvd, LNP. TAX-ISW, Mettawa, IL 60045 <br> Agent: C T Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103 | D-52 |
| Additional Defendant | Name: <br> Address: | | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> Nicholas N. Ouellette, Esq. | Date signed <br> 4/13/2010 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | | Date |
|---|---|---|---|

Attest:
A True Copy
Kevin McNeill
State Marshal - Fairfield County

Name and address of person recognized to prosecute in the amount of $250
Kelly Dearborn, 740 North Main Street, West Hartford CT 06117

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Date <br> 4/13/2010 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**RETURN DATE: MAY 4, 2010** : SUPERIOR COURT

**DEUTSCHE BANK NATIONAL TRUST** : J.D. OF STAMFORD/NORWALK
**COMPANY, AS TRUSTEE**
**V.** : AT STAMFORD

**EVANGELOS KRITHARAKIS, ET AL.** : APRIL 13, 2010

## COMPLAINT FOR FORECLOSURE OF MORTGAGE

1.      By a note dated January 19, 2005, the defendants Evangelos Kritharakis and

Tiffany M. Kritharakis FKA Tiffany M. Stadler (collectively, the "Defendants") promised

to pay to the order of M.A.C. Mortgages ("MAC") the sum of  $340,000.00 (the "Note").

The Note is payable with interest in the manner provided therein.  A copy of the Note is

annexed as Exhibit A and made a part hereof.

2.      On January 19, 2005, (i) to further induce MAC to advance sums due under

the Note; (ii) in consideration of sums advanced under the Note; and (iii) to secure the

advance of such sums, the Defendants mortgaged to MAC a certain parcel of land and the

building and improvements thereon situated in the City of Norwalk (the "Mortgage")

known and designated as 25 Powder Horn Road, Norwalk, Connecticut 06850 (the

"Property") as described on the annexed Exhibit B.

3.      The Mortgage, which secures payment of the Note, prescribes certain

covenants and conditions to be performed by the Defendants during the term of the Note.

4.      The Mortgage was recorded January 21, 2005, in Volume 5692 at Page 55 of the Norwalk Land Records.  A copy of the Mortgage is annexed as Exhibit C and made a part hereof.

5.      MAC assigned the Note and Mortgage to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset-Backed Certificates, Series 2005-OPT1 (the "Plaintiff") by an instrument proposed for recording in the Norwalk Land Records. A copy of the assignment to the Plaintiff is annexed as Exhibit D and made a part hereof.

6.      The Plaintiff owns the indebtedness evidenced by the Note and secured by the Mortgage.

7.      The Defendants were and are the record owners of the Property.

8.      Tiffany M. Stadler legally changed her name to Tiffany M. Kritharakis per a certificate of change of name dated January 19, 2005 and recorded January 21, 2005 in Volume 5692 at Page 54 of the Norwalk Land Records. A copy of the certificate is annexed as Exhibit E and made a part hereof.

9.      The Defendants failed to make payment in accordance with the Note and are therefore in default under the Note and under Paragraph 1 of the Mortgage.

- 2 -

10.   Because of the default, the Plaintiff, the present owner of the Note, accelerates the Note and declares the principal balance of the Note due and payable in the amount of $ 325,175.47, plus interest which continues to accrue, as well as late charges, attorneys' fees, and all costs of collection as provided for in the Note.

11.   The following liens and other interests upon the Property are prior in right to the Mortgage and are not affected by this action:

a.   Real estate taxes on the Grand List of October 1, 2008 to the City of Norwalk in the amount of $7,034.56; paid in full.

b.   Real estate taxes on the Grand List of October 1, 2009, not yet due and payable.

c.   Water charges to the First District Water Department as may be due and payable.

d.   Drainage Easement to the City of Norwalk, recorded November 11, 1971 in Volume 769 at Page 294 of the Norwalk Land Records.

e.   Utility Easement to Connecticut Light and Power Company, recorded July 7, 1972 in Volume 801 at Page 273 of the Norwalk Land Records.

f.   Utility Easement to Noroten Water Company, recorded August 28, 1972 in Volume 810 at Page 116 of the Norwalk Land Records.

g.   Sewer Easement recorded April 15, 1993 in Volume 2775 at Page 283 of the Norwalk Land Records.

- 3 -

12.     The defendant Beneficial Mortgage Co. of Connecticut may claim an interest in the Property because of a mortgage in the original principal amount of $36,081.81 dated March 14, 2006 and recorded March 17, 2006 in Volume 6143 at Page 115 of the Norwalk Land Records. This interest is subsequent in right to that of the Plaintiff.

13.     On information and belief, the Defendants are in possession of the Property.

14.     The Plaintiff has caused, or will cause to be recorded, a Notice of Lis Pendens in the Norwalk Land Records reciting the pendency of this action and has caused to be served on the owners of record, the defendants Evangelos Kritharakis and Tiffany M. Kritharakis FKA Tiffany M. Stadler, a true and attested copy of that Notice simultaneously with this Complaint. A copy of that Notice is annexed as Exhibit F and made a part hereof.

15.     Pursuant to *Connecticut Practice Book* § 10-29, Exhibits to this Complaint are not recited or annexed in full, but shall be served upon each party to this action forthwith upon receipt of notice of the appearance of such party, and shall further be filed in court with proof of service upon each appearing party.

-4-

**WHEREFORE, THE PLAINTIFF CLAIMS:**

1.      A foreclosure of the Mortgage;

2.      Immediate possession of the Property;

3.      A judgment of strict foreclosure or foreclosure by sale;

4.      Money damages against the Note obligor(s) as limited by a bankruptcy discharge,
if any;

5.      Appointment of a receiver to possess, preserve, operate and capture income from
the Property;

6.      A deficiency judgment as limited by a bankruptcy discharge, if any.  **No
deficiency judgment will be sought against any person whose obligation under the
Note has been or is later discharged by a U.S. Bankruptcy Court;**

7.      Costs and reasonable attorney's fees as provided in the Note and Mortgage; and

8.      Such other and further relief as equity may provide.

Dated at West Hartford this 13th day of April, 2010.

> **THE PLAINTIFF,**
> **Deutsche Bank National Trust Company, as Trustee** for
> Soundview Home Loan Trust 2005-OPT1, Asset-Backed
> Certificates, Series 2005-OPT1, acting by and through its
> servicer and attorney in fact, American Home Mortgage
> Servicing, Inc.
> By: _____
> Nicholas Ouellette, Esq.
> Martha Croog, LLC
> 740 North Main St., Suite M
> West Hartford, CT 06117
> Tel. No. (860) 236-9661; Juris No. 419166

## NOTICE:

YOU MAY BE ELIGIBLE FOR EMERGENCY MORTGAGE ASSISTANCE PAYMENTS OR OTHER RELIEF OFFERED THROUGH CONNECTICUT HOUSING FINANCE AUTHORITY ("CHFA"). YOU MAY CONTACT CHFA OR A CONSUMER CREDIT COUNSELING AGENCY DESIGNATED BY CHFA TO ASSIST YOU IN THIS REGARD. CHFA MAY BE CONTACTED BY TELEPHONE AT 860-571-3500 OR BY MAIL, AT: CONNECTICUT HOUSING FINANCE AUTHORITY, Attn: EMAP, 999 West Street, Rocky Hill, CT 06067.

## NOTICE:

ON THE FRONT OF THE SUMMONS AND THIS COMPLAINT ARE THREE IMPORTANT DOCUMENTS, EACH OF WHICH YOU SHOULD REVIEW CAREFULLY. THESE ARE (1) A NOTICE OF FORECLOSURE MEDIATION, (2) A FORECLOSURE MEDIATION CERTIFICATE AND (3) AN APPEARANCE FORM. YOU SHOULD COMPLETE AND FILE THE APPEARANCE AND THE FORECLOSURE MEDIATION FORM WITH THE COURT NO LATER THAN FIFTEEN DAYS FROM THE RETURN DATE FOR THE FORECLOSURE ACTION. THE RETURN DATE IS SPECIFIED IN THE SUMMONS AND COMPLAINT. YOU MUST RETURN A COPY OF THE MEDIATION FORM TO THE ATTORNEYS FOR THE PLAINTIFF IN THE FORECLOSURE IN ORDER TO HAVE MEDIATION SCHEDULED BY THE COURT.

## NOTICE:

A PERSON WHO IS UNEMPLOYED OR UNDER-EMPLOYED AND WHO HAS FOR A CONTINUOUS PERIOD OF AT LEAST TWO YEARS PRIOR TO THE COMMENCEMENT OF THIS FORECLOSURE ACTION OWNED AND OCCUPIED THE PROPERTY BEING FORECLOSED AS SUCH PERSON'S PRINCIPAL RESIDENCE, MAY BE ENTITLED TO CERTAIN RELIEF UNDER THE PROVISIONS OF CONNECTICUT GENERAL STATUTES SECTION 49-31d THROUGH 49-31i, AND RELATED REGULATIONS PROMULGATED BY THE CONNECTICUT DEPARTMENT OF BANKING, AS AMENDED. YOU SHOULD CONSULT WITH AN ATTORNEY TO ASSESS YOUR RIGHTS UNDER THIS ACT.

- 6 -

**NOTICE:**

IF YOU DISPUTE ANY PORTION OR THE ENTIRE AMOUNT OF THIS CLAIM, YOU MUST NOTIFY US WITHIN THIRTY (30) DAYS, INDICATING THE NATURE OF THE DISPUTE. IF YOU DO NOT DISCLOSE TO US A DISPUTE WITHIN THAT TIME PERIOD WE WILL ASSUME THE CLAIM TO BE VALID. IF WITHIN THIRTY (30) DAYS YOU DISCLOSE A DISPUTE IN WRITING, WE WILL PROVIDE YOU WITH EVIDENCE CONCERNING THE VALIDITY OF THE DEBT BY U.S. MAIL. UPON YOUR WRITTEN REQUEST, PROVIDED IT IS MADE WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS NOTICE, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

**NOTICE:**

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION RECEIVED WILL BE USED FOR THAT PURPOSE. THE FACT THAT YOU HAVE THIRTY (30) DAYS TO DISCLOSE A DISPUTE WILL NOT PREVENT US FROM FILING SUIT WITHIN THAT TIME.

# EXHIBIT "B"

---

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946-0860 / FAX (914) 946-0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

---

# EXHIBIT "B"

# THE LAW OFFICES OF LINDA M. TIRELLI, P.C.

**1100 SUMMER SREET, THIRD FLOOR • STAMFORD, CT 06905**
**PHONE (203)653-2203 • FAX (914)946-0870 • EMAIL WESTCHESTERLEGAL@AOL.COM**

-All correspondence and service <u>MUST</u> be addressed to the White Plains NY Business Office-

Linda M. Tirelli*

\* Admitted CT , USDC CT, and USDC SDNY

<u>New York Office</u>
(By Appointment Only)
202 Mamaroneck Ave, 3rd Floor
White Plains, NY 10601
(914)946-0860

June 5, 2010

Nicholas Oulette, Esq.
Law Office of Martha Croog, LLC
740 North Main Street, Suite N
West Hartford, CT 06117

    **RE:**    <u>**CASE DOCKET NUMBER** : **FST-CV10-6004733-S**</u>
            <u>**YOUR CLIENT: DEUTSCHE BANK NATIONAL TRUST COMPANY AS**</u>
            <u>**TRUSTEE**</u>
            <u>**MY CLIENT: MS. TIFFANY KRITHARAKIS**</u>

Dear Attorney Oulette:

Please be advised that I have been retained by Ms. Kritharakis regarding the foreclosure suit pending against her as described above and her options available pursuant to the United States Bankruptcy Code. All correspondence should be addressed to my attention. I look forward to working with you to resolve the issues discussed below.

I have received a copy of the summons and complaint received by Ms. Kritharakis, but it is incomplete in that the exhibits described therein are missing. I am specifically interested in the Assignment of Note and Mortgage you identified in paragraph 5 of the complaint. Please forward a complete copy of the summons and complaint together with all exhibits to my attention at your soonest convenience.

Please call me when you receive this so we can have further discussion and see if we can't come to a ready and amicable resolution. I remain

                Very truly yours,

                — COPY —

                Linda M. Tirelli

cc:
Ms. Tiffany Kritharakis



National Association of
Consumer Bankruptcy Attorneys

*The Law Offices of Linda M. Tirelli and Westchester Legal Credit Solutions, designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, proudly assists consumers seeking relief under the US Bankruptcy Code. Attorney Linda Tirelli is a proud and active member of the NACBA, devoted to the assistance of consumer debtors.

# EXHIBIT "C"

---

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946-0860 / FAX (914) 946-0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

---

# EXHIBIT "C"

RETURN DATE: MAY 4, 2010       : SUPERIOR COURT

DEUTSCHE BANK NATIONAL TRUST       : J.D. OF STAMFORD/NORWALK
COMPANY, AS TRUSTEE
V.       : AT STAMFORD

EVANGELOS KRITHARAKIS, ET AL.       : APRIL 13, 2010

### AMOUNT IN DEMAND

The amount in demand is greater than Fifteen Thousand Dollars ($15,000.00)

exclusive of interest and costs.

> **THE PLAINTIFF,**
> **Deutsche Bank National Trust Company, as Trustee** for
> Soundview Home Loan Trust 2005-OPT1, Asset-Backed
> Certificates, Series 2005-OPT1, acting by and through its
> servicer and attorney in fact, American Home Mortgage
> Servicing, Inc.
> By: _____
> Nicholas Ouellette, Esq.
> Martha Croog, LLC
> 740 North Main St., Suite M
> West Hartford, CT 06117
> Tel. No. (860) 236-9661; Juris No. 419166

- 8 -

WHEN RECORDED, MAIL TO:
Martha Croog, LLC
740 North Main Street, Suite M
West Hartford, CT 06117
**RETURN DATE: MAY 4, 2010**          : **SUPERIOR COURT**

**DEUTSCHE BANK NATIONAL TRUST**      : **J.D. OF STAMFORD/NORWALK**
**COMPANY, AS TRUSTEE**
**V.**                            : **AT STAMFORD**

**EVANGELOS KRITHARAKIS, ET AL.**      : **APRIL 13, 2010**

## NOTICE OF LIS PENDENS

       NOTICE IS GIVEN of the pendency of a civil action, in which the plaintiff is Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset-Backed Certificates, Series 2005-OPT1 (the "Plaintiff") and the defendants are Evangelos Kritharakis, Tiffany M. Kritharakis FKA Tiffany M. Stadler, and Beneficial Mortgage Co. of Connecticut, by writ dated April 13, 2010, returnable to the Superior Court, judicial district of Stamford/Norwalk at Stamford on the first Tuesday of May 2010, which action was brought for the foreclosure of a mortgage from Evangelos Kritharakis and Tiffany M. Kritharakis FKA Tiffany M. Stadler to M.A.C. Mortgages dated January 19, 2005 and recorded January 21, 2005, in Volume 5692 at Page 55, as assigned to the Plaintiff by an instrument proposed for recording, all of the Norwalk Land Records, on property described on Exhibit A annexed hereto, as described further in the Complaint, and requesting the following relief:

         1. A foreclosure of the Mortgage;
         2. Immediate possession of the Property;
         3. A judgment of strict foreclosure or foreclosure by sale;
         4. Money damages against the Note obligor(s) as limited by a bankruptcy discharge, if any;
         5. Appointment of a receiver to possess, preserve, operate and capture income from the Property;
         6. A deficiency judgment as limited by a bankruptcy discharge, if any;
         7. Costs and reasonable attorney's fees as provided in the Note and Mortgage; and
         8. Such other and further relief as equity may provide.

Dated at West Hartford, Connecticut this 13th day of April 2010.

                 **THE PLAINTIFF,**
                 **Deutsche Bank National Trust Company, as Trustee for**
                 **Soundview Home Loan Trust 2005-OPT1, Asset-Backed**
                 **Certificates, Series 2005-OPT1, acting by and through its servicer**
                 **and attorney in fact, American Home Mortgage Servicing, Inc.**
                 By: _____
                 Nicholas Ouellette, Esq.
                 Martha Croog, LLC
                 740 North Main St., Suite M
                 West Hartford, CT 06117
                 Tel. No. (860) 236-9661; Juris No. 419166

# Exhibit A

All that certain piece or tract of land, together with the buildings and improvements thereon, situated in the City of Norwalk, County of Fairfield and State of Connecticut, in quantity 17,367 square feet, shown and delineated as Lot Numbered 9 on a certain map entitled "Re-Subdivision Map of Property Prepared for Alex Simko, Norwalk, Conn., Scale 1" = 40' October 5, 1971, by Clement Arcamone, Land Surveyor, Norwalk, Conn., certified "Substantially Correct" Clement J. Arcamone", which map is on file in the office of the Norwalk Town Clerk and there numbered 7552.

Said premises are bounded:
Northerly: 162.96 feet by lot numbered 10, as shown on said map;
Easterly: 144.00 feet by lots numbered 12 and 13, each in part, as shown on said map;
Southerly: 162.06 feet by lot numbered 8, as shown on said map; and
Westerly: 78.80 feet by Powder Horn Road

DOCKET NO.: FST-CV10-6004733-S          : SUPERIOR COURT

DEUTSCHE BANK NATIONAL TRUST          : J.D. OF STAMFORD/NORWALK
COMPANY, AS TRUSTEE
V.                                     : AT STAMFORD

EVANGELOS KRITHARAKIS, ET AL.          : APRIL 19, 2010


## AFFIDAVIT OF DEBT

STATE OF *Florida* )
                   ) ss.          , May 6th, 2010
COUNTY OF *Duval* )

Joseph Kaminski          , being duly sworn, deposes and says:

1.      I am over the age of eighteen years and believe in the obligations of an
oath.

2.      I am Assistant Secretary of American Home Mortgage Servicing, Inc.

( AHMSI ), the servicer and attorney-in-fact for Deutsche Bank National Trust

Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset-Backed

Certificates, Series 2005-OPT1 (the  Plaintiff ) in the above-referenced foreclosure

action and am authorized to sign on behalf of AHMSI, the authorized loan servicing

agent of the Plaintiff.

3.    As the authorized loan servicing agent for the Plaintiff, AHMSI administers the acceptance and application of mortgage payments and maintains computer business records with respect to those transactions and the general administration of the loan in the customary and ordinary course of business with respect to the mortgage debt owed to the Plaintiff by the defendants, Evangelos Kritharakis and Tiffany M. Kritharakis FKA Tiffany M. Stadler in this case (the Defendants ). These transactions are entered into the computer business records of the Plaintiff within a reasonable period of time after the transaction occurs.

4.    I am personally familiar with the computer business records of the mortgage loan account of the Defendants with respect to a note in the original principal amount of $340,000.00 that the Defendant signed on January 19, 2005 (the Note. )

5.    The itemized Grand Total due to the Plaintiff under the Note, with interest calculated from December 1, 2009 through May 31, 2010, is:

| | | |
|---|---|---|
| Principal | $ | 325,175.47 |
| Interest 12/01/09 to 05/31/10 | $ | 7,316.46 |
| Suspense Balance | $ | -255.75 |
| NSF Charges | $ | 20.00 |
| Pre-acceleration late charges | $ | 637.38 |
| **Grand Total** | **$** | **332,893.56** |

6.   The interest rate under the Note is 4.50 percent (4.50%). The per diem interest through May 31, 2010 is $40.09.

7.   There are no set-offs or counterclaims known to the undersigned.

8.   The Plaintiff is a mortgagee within the meaning of *General Statutes* § 8-265cc(4), and participates in the emergency mortgage assistance payment program administered by the Connecticut Housing Finance Authority as described in *General Statutes* §8-265cc-kk, inclusive, and as amended (the Act).

9.   The Mortgagee is in compliance with §8-265ee of the Act and *General Statutes* §49-31k through §49-31-o, inclusive.

AFFIANT

Joseph Kaminski  Assistant Secretary

Assistant Secretary , Assistant Secretary, of American Home Mortgage Servicing, Inc., known to me to be the person described within, personally appeared before me, and made oath as to the truth of the foregoing Affidavit this 6th day of May, 2010 at Jacksonville, Florida

Notary Public
My Commission Expires  11-19-2010

LINDA BAYLESS
Notary Public, State of Florida
Commission# DD615990
My comm. expires Nov. 19, 2010

# 222593490

# EXHIBIT "D"

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946-0860 / FAX (914) 946-0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

# EXHIBIT "D"

From: Nicholas Ouellette <nicholas.ouellette@mcrooglic.com>
To: westchesterlegal@aol.com
Subject: RE: Notice of Ch 13 Bankruptcy Filing In re Tiffany Kritharakis Case #10-51328
Date: Thu, Jun 10, 2010 3:49 pm
Attachments: Krith.Summons.pdf (397K), Krith.Summons.pdf (397K), Krith.AmendedComplaint.pdf (452K)

Please find the attached Summons and Complaint, along with an Amended Complaint filed earlier today.

Nicholas N. Ouellette, Esq.
Martha Croog, LLC
740 North Main Street, Suite M
West Hartford, CT 06117
860-236-9661 x108
860-233-9927 (fax)

THIS TRANSMISSION IS INTENDED ONLY FOR THE DESIGNATED RECIPIENT. IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. ITS CONTENTS MAY BE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

YOU ARE NOTIFIED THAT ANY USE OF THIS COMMUNICATION BY AN INDIVIDUAL OR ENTITY OTHER THAN THE DESIGNATED RECIPIENT IS PROHIBITED. IF YOU RECEIVED THIS E-MAIL IN ERROR, PLEASE DESTROY IT AND WE APPRECIATE YOUR NOTIFICATION THAT IT WAS ERRONEOUSLY TRANSMITTED EITHER BY TELEPHONE OR REPLY E-MAIL. THANK YOU.

THIS LAW FIRM IS ENGAGED IN DEBT COLLECTION, AMONG OTHER LEGAL SERVICES, AND ANY INFORMATION THAT YOU GIVE US WILL BE USED FOR THAT PURPOSE.

---

From: westchesterlegal@aol.com [mailto:westchesterlegal@aol.com]
Sent: Thursday, June 10, 2010 2:20 PM
To: Nicholas.Ouellette@mcrooglic.com
Subject: Notice of Ch 13 Bankruptcy Filing In re Tiffany Kritharakis Case #10-51328

Dear Attorney Ouellette:

In accordance with our discussion earlier today, please be advised this firm has been retained by Ms. Tiffany Kritharakis and her husband Mr. Evangelos Kritharakis for bankruptcy purposes. All correspondence should be directed to my attention.

Attached please find the official Notice of Bankruptcy Filing as generated by the US Federal Bankruptcy Court which verifies Ms. Tiffany Kritharakis filed for bankruptcy protection , today, June 10, 2010 at 1:27PM. As you are aware, in accordance with 11 U.S.C. Sec. 362 imposes an automatic stay and as such all collection actions an proceedings are to stop pending further order from the federal bankruptcy court

For your reference Ms. Kritharakis's case number is as follows: **10-51328.**

At this time I respectfully request a copy of the summons and complaint as filed in the state court.

I look forward to hearing from you.

Regards,

Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli PC
www.BankruptcyProtectionExpert.com

**Connecticut**
1100 Summer Street, 3rd Floor
Stamford, CT 06905
(203)653-2203

**New York**
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
(914)946-0860

# EXHIBIT "E"

---

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946–0860 / FAX (914) 946–0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

---

# EXHIBIT "E"

DOCKET NO.: FST-CV10-6004733-S : SUPERIOR COURT

DEUTSCHE BANK NATIONAL TRUST : J.D. OF STAMFORD/NORWALK
COMPANY, AS TRUSTEE
V. : AT STAMFORD

EVANGELOS KRITHARAKIS, ET AL. : JUNE 10, 2010

## REQUEST TO AMEND COMPLAINT

Pursuant to *Practice Book* Section 10-60(a)(3), the Plaintiff, **DEUTSCHE BANK**

**NATIONAL TRUST COMPANY, AS TRUSTEE** requests that its Complaint dated

April 13, 2010 be amended in the form annexed hereto. The purpose of the requested

amendment is (i) to correct the omission of an assignment of mortgage from M.A.C.

Mortgages to Sand Canyon Corporation FKA Option One Mortgage Corporation in

Paragraph 5 of the Amended Complaint, (ii) to reflect the assignment of mortgage from

Sand Canyon Corporation FKA Option One Mortgage Corporation to the Plaintiff in

Paragraph 6 of the Amended Complaint, and (iii) to insert Paragraph 16 which recites the

recording of an Amended Notice of Lis Pendens.

**WHEREFORE**, for the foregoing reason, the Plaintiff respectfully requests that

this Court enter an Order that the Complaint be amended in accordance with the

Amended Complaint annexed hereto.

THE PLAINTIFF,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE
By: _____
Nicholas N. Ouellette, Esq.
Martha Croog, LLC
740 North Main Street, Suite M
West Hartford, CT 06117
Tel. No.(860)236-9661, Juris No. 419166

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONEY NOT REQUIRED**

## ORDER

The foregoing Request having been filed, it is

**ORDERED:**

GRANTED/DENIED

                **BY THE COURT,**

                _____

                JUDGE/CLERK

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, on June 10, 2010, to the following non-appearing parties in accordance with *Practice Book* §§ 10-12 through 10-17.

Evangelos Kritharakis  
25 Powder Horn Road  
Norwalk, CT 06850

Tiffany M. Kritharakis  
FKA Tiffany M. Stadler  
25 Powder Horn Road  
Norwalk, CT 06850

_____  
Nicholas N. Ouellette, Esq.

DOCKET NO.: FST-CV10-6004733-S     : SUPERIOR COURT

DEUTSCHE BANK NATIONAL TRUST     : J.D. OF STAMFORD/NORWALK
COMPANY, AS TRUSTEE

V.     : AT STAMFORD

EVANGELOS KRITHARAKIS, ET AL.     : JUNE 10, 2010

## AMENDED COMPLAINT FOR FORECLOSURE OF MORTGAGE

1.    By a note dated January 19, 2005, the defendants Evangelos Kritharakis and Tiffany M. Kritharakis FKA Tiffany M. Stadler (collectively, the "Defendants") promised to pay to the order of M.A.C. Mortgages ("MAC") the sum of $340,000.00 (the "Note"). The Note is payable with interest in the manner provided therein. A copy of the Note is annexed as Exhibit A and made a part hereof.

2.    On January 19, 2005, (i) to further induce MAC to advance sums due under the Note; (ii) in consideration of sums advanced under the Note; and (iii) to secure the advance of such sums, the Defendants mortgaged to MAC a certain parcel of land and the building and improvements thereon situated in the City of Norwalk (the "Mortgage") known and designated as 25 Powder Horn Road, Norwalk, Connecticut 06850 (the "Property") as described on the annexed Exhibit B.

3.    The Mortgage, which secures payment of the Note, prescribes certain covenants and conditions to be performed by the Defendants during the term of the Note.

4.    The Mortgage was recorded January 21, 2005, in Volume 5692 at Page 55 of the Norwalk Land Records.  A copy of the Mortgage is annexed as Exhibit C and made a part hereof.

5.    MAC assigned the Mortgage to Sand Canyon Corporation FKA Option One Mortgage Corporation ("SCC") by an instrument dated January 19, 2005 and recorded April 11, 2006 in Volume 6167 at Page 29 of the Norwalk Land Records. A copy of the assignment to SCC is annexed as Exhibit D and made a part hereof.

6.    SCC assigned the Mortgage to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset-Backed Certificates, Series 2005-OPT1 (the "Plaintiff") by an instrument proposed for recording in the Norwalk Land Records. A copy of the assignment to the Plaintiff is annexed as Exhibit E and made a part hereof.

7.    The Plaintiff owns the indebtedness evidenced by the Note and secured by the Mortgage.

8.    The Defendants were and are the record owners of the Property.

9.    Tiffany M. Stadler legally changed her name to Tiffany M. Kritharakis per a certificate of change of name dated January 19, 2005 and recorded January 21, 2005 in

- 2 -

Volume 5692 at Page 54 of the Norwalk Land Records. A copy of the certificate is annexed as Exhibit F and made a part hereof.

10. The Defendants failed to make payment in accordance with the Note and are therefore in default under the Note and under Paragraph 1 of the Mortgage.

11. Because of the default, the Plaintiff, the present owner of the Note, accelerates the Note and declares the principal balance of the Note due and payable in the amount of $ 325,175.47, plus interest which continues to accrue, as well as late charges, attorneys' fees, and all costs of collection as provided for in the Note.

12. The following liens and other interests upon the Property are prior in right to the Mortgage and are not affected by this action:

    a. Real estate taxes on the Grand List of October 1, 2008 to the City of Norwalk in the amount of $7,034.56; paid in full.

    b. Real estate taxes on the Grand List of October 1, 2009, not yet due and payable.

    c. Water charges to the First District Water Department as may be due and payable.

    d. Drainage Easement to the City of Norwalk, recorded November 11, 1971 in Volume 769 at Page 294 of the Norwalk Land Records.

    e. Utility Easement to Connecticut Light and Power Company, recorded July 7, 1972 in Volume 801 at Page 273 of the Norwalk Land Records.

- 3 -

     f.   Utility Easement to Noroten Water Company, recorded August 28, 1972 in Volume 810 at Page 116 of the Norwalk Land Records.

     g.   Sewer Easement recorded April 15, 1993 in Volume 2775 at Page 283 of the Norwalk Land Records.

13.    The defendant Beneficial Mortgage Co. of Connecticut may claim an interest in the Property because of a mortgage in the original principal amount of $36,081.81 dated March 14, 2006 and recorded March 17, 2006 in Volume 6143 at Page 115 of the Norwalk Land Records. This interest is subsequent in right to that of the Plaintiff.

14.    On information and belief, the Defendants are in possession of the Property.

15.    The Plaintiff recorded a Notice of Lis Pendens on April 15, 2010 in Volume 7169 at Page 268 in the Norwalk Land Records, reciting the pendency of this action and has caused to be served on the owners of record, the defendants Evangelos Kritharakis and Tiffany M. Kritharakis FKA Tiffany M. Stadler, a true and attested copy of that Notice simultaneously with the original Complaint. A copy of that Notice is annexed as Exhibit G and made a part hereof.

16.    The Plaintiff caused, or will cause, to be recorded an Amended Notice of Lis Pendens in the Norwalk Land Records reciting the pendency of this action. A copy of the Amended Notice of Lis Pendens is annexed as Exhibit H and made a part hereof.

17.     Pursuant to *Connecticut Practice Book* § 10-29, Exhibits to this Complaint are not recited or annexed in full, but shall be served upon each party to this action forthwith upon receipt of notice of the appearance of such party, and shall further be filed in court with proof of service upon each appearing party.

**WHEREFORE, THE PLAINTIFF CLAIMS:**

1. A foreclosure of the Mortgage;

2. Immediate possession of the Property;

3. A judgment of strict foreclosure or foreclosure by sale;

4. Money damages against the Note obligor(s) as limited by a bankruptcy discharge, if any;

5. Appointment of a receiver to possess, preserve, operate and capture income from the Property;

6. A deficiency judgment as limited by a bankruptcy discharge, if any. **No deficiency judgment will be sought against any person whose obligation under the Note has been or is later discharged by a U.S. Bankruptcy Court;**

7. Costs and reasonable attorney's fees as provided in the Note and Mortgage; and

8. Such other and further relief as equity may provide.

Dated at West Hartford this 10th day of June, 2010.

THE PLAINTIFF,
**Deutsche Bank National Trust Company, as Trustee** for Soundview Home Loan Trust 2005-OPT1, Asset-Backed Certificates, Series 2005-OPT1, acting by and through its servicer and attorney in fact, American Home Mortgage Servicing, Inc.
By: _____
Nicholas Ouellétte, Esq.
Martha Croog, LLC
740 North Main St., Suite M
West Hartford, CT 06117
Tel. No. (860) 236-9661; Juris No. 419166

- 6 -

**NOTICE:**

YOU MAY BE ELIGIBLE FOR EMERGENCY MORTGAGE ASSISTANCE PAYMENTS OR OTHER RELIEF OFFERED THROUGH CONNECTICUT HOUSING FINANCE AUTHORITY ("CHFA"). YOU MAY CONTACT CHFA OR A CONSUMER CREDIT COUNSELING AGENCY DESIGNATED BY CHFA TO ASSIST YOU IN THIS REGARD. CHFA MAY BE CONTACTED BY TELEPHONE AT 860-571-3500 OR BY MAIL, AT: CONNECTICUT HOUSING FINANCE AUTHORITY, Attn: EMAP, 999 West Street, Rocky Hill, CT 06067.

**NOTICE:**

ON THE FRONT OF THE SUMMONS AND THIS COMPLAINT ARE THREE IMPORTANT DOCUMENTS, EACH OF WHICH YOU SHOULD REVIEW CAREFULLY. THESE ARE (1) A NOTICE OF FORECLOSURE MEDIATION, (2) A FORECLOSURE MEDIATION CERTIFICATE AND (3) AN APPEARANCE FORM. YOU SHOULD COMPLETE AND FILE THE APPEARANCE AND THE FORECLOSURE MEDIATION FORM WITH THE COURT NO LATER THAN FIFTEEN DAYS FROM THE RETURN DATE FOR THE FORECLOSURE ACTION. THE RETURN DATE IS SPECIFIED IN THE SUMMONS AND COMPLAINT. YOU MUST RETURN A COPY OF THE MEDIATION FORM TO THE ATTORNEYS FOR THE PLAINTIFF IN THE FORECLOSURE IN ORDER TO HAVE MEDIATION SCHEDULED BY THE COURT.

**NOTICE:**

A PERSON WHO IS UNEMPLOYED OR UNDER-EMPLOYED AND WHO HAS FOR A CONTINUOUS PERIOD OF AT LEAST TWO YEARS PRIOR TO THE COMMENCEMENT OF THIS FORECLOSURE ACTION OWNED AND OCCUPIED THE PROPERTY BEING FORECLOSED AS SUCH PERSON'S PRINCIPAL RESIDENCE, MAY BE ENTITLED TO CERTAIN RELIEF UNDER THE PROVISIONS OF CONNECTICUT GENERAL STATUTES SECTION 49-31d THROUGH 49-31i, AND RELATED REGULATIONS PROMULGATED BY THE CONNECTICUT DEPARTMENT OF BANKING, AS AMENDED. YOU SHOULD CONSULT WITH AN ATTORNEY TO ASSESS YOUR RIGHTS UNDER THIS ACT.

- 7 -

**NOTICE:**

IF YOU DISPUTE ANY PORTION OR THE ENTIRE AMOUNT OF THIS CLAIM, YOU MUST NOTIFY US WITHIN THIRTY (30) DAYS, INDICATING THE NATURE OF THE DISPUTE. IF YOU DO NOT DISCLOSE TO US A DISPUTE WITHIN THAT TIME PERIOD WE WILL ASSUME THE CLAIM TO BE VALID. IF WITHIN THIRTY (30) DAYS YOU DISCLOSE A DISPUTE IN WRITING, WE WILL PROVIDE YOU WITH EVIDENCE CONCERNING THE VALIDITY OF THE DEBT BY U.S. MAIL. UPON YOUR WRITTEN REQUEST, PROVIDED IT IS MADE WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS NOTICE, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

**NOTICE:**

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION RECEIVED WILL BE USED FOR THAT PURPOSE. THE FACT THAT YOU HAVE THIRTY (30) DAYS TO DISCLOSE A DISPUTE WILL NOT PREVENT US FROM FILING SUIT WITHIN THAT TIME.

WHEN RECORDED, MAIL TO:
Martha Croog, LLC
740 North Main Street, Suite M
West Hartford, CT 06117

**DOCKET NO.: FST-CV10-6004733-S** : **SUPERIOR COURT**

**DEUTSCHE BANK NATIONAL TRUST** : **J.D. OF STAMFORD/NORWALK**
**COMPANY, AS TRUSTEE**
**V.** : **AT STAMFORD**

**EVANGELOS KRITHARAKIS, ET AL.** : **JUNE 10, 2010**

## AMENDED NOTICE OF LIS PENDENS

NOTICE IS GIVEN of the pendency of a civil action, in which the plaintiff is Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset-Backed Certificates, Series 2005-OPT1 (the "Plaintiff") and the defendants are Evangelos Kritharakis, Tiffany M. Kritharakis FKA Tiffany M. Stadler, and Beneficial Mortgage Co. of Connecticut, by writ dated April 13, 2010, returnable to the Superior Court, judicial district of Stamford/Norwalk at Stamford on the first Tuesday of May 2010, which action was brought for the foreclosure of a mortgage from Evangelos Kritharakis and Tiffany M. Kritharakis FKA Tiffany M. Stadler to M.A.C. Mortgages dated January 19, 2005 and recorded January 21, 2005, in Volume 5692 at Page 55, as assigned to Sand Canyon Corporation FKA Option One Mortgage Corporation by an instrument dated January 19, 2005 and recorded April 11, 2006 in Volume 6167 at Page 29, and as further assigned to the Plaintiff by an instrument proposed for recording, all of the Norwalk Land Records, on property described on Exhibit A to a certain *Notice of Lis Pendens dated April 13, 2010 and recorded April 15, 2010 in Volume 7169 at Page 268 of the Norwalk Land Records*, on property described on Exhibit A annexed hereto, as described further in the Complaint, and requesting the following relief:

1. A foreclosure of the Mortgage;
2. Immediate possession of the Property;
3. A judgment of strict foreclosure or foreclosure by sale;
4. Money damages against the Note obligor(s) as limited by a bankruptcy discharge, if any;
5. Appointment of a receiver to possess, preserve, operate and capture income from the Property;
6. A deficiency judgment as limited by a bankruptcy discharge, if any;
7. Costs and reasonable attorney's fees as provided in the Note and Mortgage; and
8. Such other and further relief as equity may provide.

Dated at West Hartford, Connecticut this 10th day of June 2010.

THE PLAINTIFF,
Deutsche Bank National Trust Company, as Trustee for
Soundview Home Loan Trust 2005-OPT1, Asset-Backed
Certificates, Series 2005-OPT1, acting by and through its servicer
and attorney in fact, American Home Mortgage Servicing, Inc.
By: _____
Nicholas Ouellette, Esq.
Martha Croog, LLC
740 North Main St., Suite M
West Hartford, CT 06117
Tel. No. (860) 236-9661; Juris No. 419166

# EXHIBIT "F"

---

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946−0860 / FAX (914) 946−0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

---

# EXHIBIT "F"

B6D (Official Form 6D) (12/07)

In re **Tiffany M Kritharakis** _____,  Case No. __**10-51328**__

_____
                Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx5045** | | | First Mortgage | | | | | |
| **American Home Mortgage** PO Box 619063 Dallas, TX 75261-9063 | X | J | 25 Powder Horn Rd. Norwalk, CT 06850 Valuation based on paid appraisal dated February 23, 2010 | | | X | | |
| | | | Value $                400,000.00 | | | | 325,175.47 | 0.00 |
| Account No. **xxxxxx2589** | | | Home Equity line of Credit | | | | | |
| **Beneficial** PO Box 5233 Carol Stream, IL 60197 | X | J | 25 Powder Horn Rd. Norwalk, CT 06850 Valuation based on paid appraisal dated February 23, 2010 | | | X | | |
| | | | Value $                400,000.00 | | | | 34,217.26 | 0.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

__0__  continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | 359,392.73 | 0.00 |
| Total (Report on Summary of Schedules) | 359,392.73 | 0.00 |

# EXHIBIT "G"

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946-0860 / FAX (914) 946-0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

# EXHIBIT "G"

| UNITED STATES BANKRUPTCY COURT    DISTRICT OF CONNECTICUT BRIDGEPORT DIVISION | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Tiffany M Kritharakis | Case Number:10-51328-AHS |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset-Backed Certificates, Series 2005-OPT1 | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>American Home Mortgage Servicing, Inc<br>1525 S. Beltline Road, Suite 100 N<br>Coppell, Texas 75019 | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br>American Home Mortgage Servicing, Inc<br>1525 S. Beltline Road, Suite 100 N<br>Coppell, Texas 75019<br><br>Telephone Number:  (800) 704-0800 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $336,345.51<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**  Money Loaned<br>       (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3.** Last four digits of any number by which creditor identifies debtor: xxxxxx5045<br><br>   **3a.** Debtor may have scheduled account as: _____<br>       (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>   **Nature of property or right of setoff:**  ☒ Real Estate ☐ Motor Vehicle ☐ Other: _____<br>   **Describe:**  25 Powder Horn Rd, Norwalk, Connecticut 06850<br><br>   **Value of Property:** not available     **Annual Interest Rate:**<br><br>   Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>   if any: $18,935.66 **Basis for perfection: Recordation of Lien**<br><br>   **Amount of Secured Claim:** $336,345.51   **Amount Unsecured** $0.00 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br>If the documents are not available, please explain: | **Amount entitled to priority:**<br>$_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| Date:<br>July 27, 2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above.  Attach copy of power of attorney, if any.<br>/s/ Lawrence J. Buckley  as Creditor's Authorized Agent<br>   972.643.6600 | FOR COURT USE ONLY |
| | P.O. Box 829009<br>Dallas, TX 75382-9009 | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

7417-N-9372

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | **CASE NO. 10-51328-AHS** |
| **TIFFANY M KRITHARAKIS** | § § § | **CHAPTER 13** |
| | § § | **JUDGE ALAN H. SHIFF** |

**EXHIBIT A**

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF AMERICAN HOME MORTGAGE SERVICING, INC, AS SERVICING
AGENT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME
LOAN TRUST 2005-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT1
REGARDING CERTAIN COLLATERAL DESCRIBED AS:
25 POWDER HORN RD, NORWALK, CONNECTICUT 06850

### SECTION 1. ITEMIZATION OF CLAIM

| | | |
|---|---|---:|
| 1. | **Total Debt  (As of June 10, 2010)** | **$336,345.51** |
| 2. | **Interest rate as of  June 10, 2010** | **4.50%** |
| 3. | **Interest from Last Paid Installment** | **$7,804.21** |
| 4. | **Detail of arrearage: (through June 10, 2010)** | |
| | 1 payment January 2010 through January 2010 @ $2,552.31 each: | $2,552.31 |
| | 5 payments February 2010 through June 2010 @ $2,514.81 each: | $12,574.05 |
| | Accrued late charges | $637.38 |
| | | |
| | ** PRE-PETITION ATTORNEY FEES AND COSTS | $2,407.00 |
| | Foreclosure Attorney Fees  $1,080.00 | |
| | Court Costs  $425.00 | |
| | Recording Costs  $214.00 | |
| | Service Costs  $125.00 | |
| | Sheriff's Fees  $238.00 | |
| | Title Report Costs  $325.00 | |
| | | |
| | ** PRIOR BANKRUPTCY FEES AND COSTS | $0.00 |
| | ** POST-PETITION BANKRUPTCY FEES AND COSTS | ($0.00) |
| | | |
| | ** OTHER CHARGES | |
| | Inspection Fees | $19.20 |
| | Appraisal Fees | $453.00 |
| | NSF Fees | $20.00 |
| | Escrow Shortage | $443.47 |
| | Borrower Interview | $65.00 |
| | Breach Letter Fee | $20.00 |
| | Less Suspense Account Balance | ($255.75) |
| | | |
| | **TOTAL ARREARAGE** | **$18,935.66** |

First post-petition monthly payment amount: $2,514.81.  The monthly payment amount may change due to escrow
requirements and/or interest rate adjustments, if applicable.
File Number 7417-N-9372 / poc

Date: 01/19/05

# NOTE

25  POWDER HORN RD,  NORWALK, CT 06850-4427

[Property Address]

**1.    BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S.     $340,000.00     (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
M.A.C. Mortgages, A CONNECTICUT Corporation
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of     5.850%     .
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.    PAYMENTS**
**(A) Time and Place of Payments**
I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on     March 01, 2005     . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on     February 01     ,2035     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at M.A.C. Mortgages
1104 CHASE PARKWAY, WATERBURY, CT 06708     or at a different place
if required by the Note Holder.
**(B) Amount of Monthly Payments**
My monthly payment will be in the amount of U.S.     $2,005.80     .
**(C) Application of Payments**
Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

**4.    BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.
If within     36 Months     from the date of execution of the Security Instrument I make a full prepayment or, in certain cases a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge. The prepayment charge will be equal to six (6) months advance interest on the amount of any prepayment that, when added to all other amounts prepaid during the twelve (12) month period immediately preceding the date of the prepayment, exceeds twenty percent (20%) of the original principal amount of this Note. In no event will such a charge be made unless it is authorized by state or federal law.

**5.    LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**6.    BORROWER'S FAILURE TO PAY AS REQUIRED**
**(A) Late Charge for Overdue Payments**
If the Note Holder has not received the full amount of any monthly payment by the end of     15     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     6.000%     of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
**(B) Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument.
**(C) No Waiver By Note Holder**
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

CONNECTICUT FIXED RATE NOTE - Single Family
Page 1 of 2

CT3011.wp (01-04-02)

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

BY _____

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7.    GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8.    OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9.    WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10.    SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
EVANGELOS  KRITHARAKIS          -Borrower
SSN:

_____ (Seal)
TIFFANY M KRITHARAKIS          -Borrower
SSN:

_____ (Seal)
                              -Borrower
SSN:

_____ (Seal)
                              -Borrower
SSN:

_____ (Seal)
                              -Borrower
SSN:

_____ (Seal)
                              -Borrower
SSN:

*(Sign Original Only)*

M.A.C. Mortgages
1104 CHASE PARKWAY
WATERBURY, CT  06708

INSTR # 2005001305
VOL 05692 PG 0055
RECORDED 01/21/2005  01:16:59 PM
ANDREW S. GARFUNKEL
TOWN CLERK NORWALK CT

[Space Above This Line For Recording Data]

# OPEN-END MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on January 19, 2005      . The mortgagor is
EVANGELOS KRITHARAKIS  AND TIFFANY M KRITHARAKIS

("Borrower"). This Security Instrument is given to
     M.A.C. Mortgages, A CONNECTICUT Corporation
which is organized and existing under the laws of          CONNECTICUT          , and whose address is
     1104 CHASE PARKWAY, WATERBURY, CT  06708
("Lender"). Borrower owes Lender the principal sum of
          THREE HUNDRED FORTY THOUSAND
          . . . AND NO/100THs    Dollars (U.S      $340,000.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on February 01, 2035      .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower in consideration
of this debt does hereby grant and convey to Lender and Lender's successors and assigns the following described
property located in                          Fairfield                          County, Connecticut:
DIS 5 BLK 62 LOT 211

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

which has the address of        25   POWDER HORN RD, NORWALK                    [Street, City]

Connecticut      06850-4427            ("Property Address");
                 [Zip Code]

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever,
together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and
fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this
Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
     BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the
right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances
of record. Borrower warrants and will defend generally the title to the Property against all claims and demands,
subject to any encumbrances of record.
     COVENANTS. Borrower and Lender covenant and agree as follows:
     1. Payment of Principal and Interest; Prepayment and Late Charges. Borrower shall promptly pay when
due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under
the Note.

CONNECTICUT - Single Family
Page 1 of 7

CTD10011.wp (04-11-03)

Date: 01/19/05

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, or applicable Law otherwise requires, insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any such insurance proceeds, and then, at Lender's option, in such order and proportion as Lender may determine in its sole and absolute discretion, and regardless of any impairment of security or lack thereof: (i) to the sums secured

Date: 01/19/05

by this Security Instrument, whether or not then due, and to such components thereof as Lender may determine in its sole and absolute discretion; and/or (ii) to Borrower to pay the costs and expenses of necessary repairs or restoration of the Property to a condition satisfactory to Lender. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, Lender may collect the insurance proceeds. Lender may, in its sole and absolute discretion, and regardless of any impairment of security or lack thereof, use the proceeds to repair or restore the Property or to pay the sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

If Borrower obtains earthquake insurance, any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by Lender, then such insurance shall (i) name Lender as loss payee thereunder, and (ii) be subject to the provisions of this paragraph 5.

6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower acknowledges that the Lender does not desire to make a loan to Borrower secured by this property on the terms contained in the Note unless the property is to be occupied by Borrower as Borrower's primary/secondary residence. Lender makes non-owner residence loans of different terms. Borrower promises and assures Lender that Borrower intends to occupy this property as Borrower's primary/secondary residence and that Borrower will so occupy this property as its sole primary/secondary residence within sixty (60) days after the date of the Security Instrument. If Borrower breaches this promise to occupy the property as Borrower's primary/secondary residence, then Lender may invoke any of the following remedies, in addition to the remedies provided in the Security Instrument; (1) Declare all sums secured by the Security Instrument due and payable and foreclose the Security Instrument, (2) Decrease the term of the loan and adjust the monthly payments under the Note accordingly, increase the interest rate and adjust the monthly payments under the Note accordingly, or (3) require that the principal balance be reduced to a percentage of either the original purchase price or the appraised value then being offered on non-owner occupied loans.

Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

Borrower shall, at Borrower's own expense, appear in and defend any action or proceeding purporting to affect the Property or any portion thereof or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights or powers of Lender with respect to this Security Instrument or the Property. All causes of action of Borrower, whether accrued before or after the date of this Security Instrument, for damage or injury to the Property or any part thereof, or in connection with any transaction financed in whole or in part by the proceeds of the Note or any other note secured by this Security Instrument, by Lender, or in connection with or affecting the Property or any part thereof, including causes of action arising in tort or contract and causes of action for fraud or concealment of a material fact, are, at Lender's option, assigned to Lender, and the proceeds thereof shall be paid directly to Lender who, after deducting therefrom all its expenses, including reasonable attorneys' fees, may apply such proceeds to the sums secured by this Security Instrument or to any deficiency under this Security Instrument or may release any monies so received by it or any part thereof, as Lender may elect. Lender may, at its option, appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute such further assignments and any other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Lender shall request.

7. Protection of Lender's Rights in the Property. If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate in effect from time to time and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. Mortgage Insurance. If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower

CTD10013.wp (04-11-03)

Date: 01/19/05

shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be received, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall
not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

17. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this

CTD10014.wp (04-11-03)

Date: 01/19/05

period, lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law. The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

Borrower shall be solely responsible for, shall indemnify, defend and hold harmless Lender, its directors, officers, employees, attorneys, agents, and their respective successors and assigns, from and against any and all claims, demands, causes of action, loss, damage, cost (including actual attorneys' fees and court costs and costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, abatement, containment, remedial or other required plan), expenses and liability directly or indirectly arising out of or attributable to (a) the use, generation, storage, release, threatened release, discharge, disposal, abatement or presence of Hazardous Substances on, under or about the Property, (b) the transport to or from the Property of any Hazardous Substances, (c) the violation of any Hazardous Substances law, and (d) any Hazardous Substances claims. As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

ADDITIONAL COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other mortgage or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale if any and/or any other remedies or take any other actions permitted by applicable law. Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

**22. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for releasing the Property for services rendered if the charging of the fee is permitted under applicable law.

**23. Waivers.** Borrower waives all rights of homestead exemption in, and statutory redemption of, the Property and all right of appraisement of the Property and relinquishes all rights of curtesy and dower in the Property.

**24. Misrepresentation and Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable.

CTD10015.wp (04-11-03)

Date: 01/19/05

25. **Time is of the Essence.** Time is of the essence in the performance of each provision of this Security Instrument.

26. **Waiver of Statute of Limitations.** The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by applicable law.

27. **Modification.** This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

28. **Reimbursement.** To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender including, but not limited to assumption application fees; fees for payoff demands and, statements of loan balance; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien releases and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other fees and costs of a similar nature not otherwise prohibited by law.

29. **Clerical Error.** In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to re-execute any documents that are necessary to correct any such error(s). Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

30. **Lost Stolen, Destroyed or Mutilated Security Instrument and Other Documents.** In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan Document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document.

31. **Assignment of Rents.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security instrument and Borrower has not abandoned the Property.

32. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

☐ Adjustable Rate Rider            ☐ Condominium Rider                     ☐ 1-4 Family Rider
☐ Manufactured Home Rider          ☐ Planned Unit Development Rider        ☐ Occupancy Rider
☐ Other(s) (specify)

CTD10016.wp (04-11-03)

Date: 01/19/05

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_____          _____ (Seal)
Witness    Niall B. Purcell                EVANGELOS  KRITHARAKIS        -Borrower

_____          _____ (Seal)
Witness Christie L Piemo                    TIFFANY M KRITHARAKIS         -Borrower

_____          _____ (Seal)
                                                                          -Borrower

_____          _____ (Seal)
                                                                          -Borrower

_____          _____ (Seal)
                                                                          -Borrower

_____          _____ (Seal)
                                                                          -Borrower


STATE OF CONNECTICUT,        Fairfield              County ss:  Norwalk

The foregoing instrument was acknowledged before me this    January 19, 2005
                                                           (date)
by    Evangelos Kritharakis and Tiffany M. Kritharakis



(person(s) acknowledged)

My Commission Expires

_____
Commissioner of the Superior Court
XXXNotaryXPublicXX    Niall B. Purcell

CTD10017.wp (04-11-03)

## SCHEDULE A – LEGAL DESCRIPTION

All that certain piece or tract of land, together with the buildings and improvements thereon, situated in the City of Norwalk, County of Fairfield and State of Connecticut, in quantity 17,367 square feet, shown and delineated as Lot Numbered 9 on a certain map entitled "Re-Subdivision Map of Property Prepared for Alex Simko, Norwalk, Conn., Scale 1" = 40' October 5, 1971, by Clement Arcamone, Land Surveyor, Norwalk, Conn., certified 'Substantially Correct' Clement J. Arcamone", which map is on file in the office of the Norwalk Town Clerk and there numbered 7552.

Said premises are bounded:

Northerly:      162.96 feet by lot numbered 10, as shown on said map;

Easterly:       144.00 feet by lots numbered 12 and 13, each in part, as shown on said map;

Southerly:      162.06 feet by lot numbered 8, as shown on said map; and

Westerly:       78.80 feet by Powder Horn Road.

## **Exhibit H**

The Pooling and Servicing Agreement to:

SOUNDVIEW HOME LOAN TRUST 2005-OPT1
ASSET-BACKED CERTIFICATES, SERIES 2005-OPT1

Is available online as follows:

http://sec.gov/Archives/edgar/data/1326874/000088237705001318/d332749.txt

## **Exhibit I**

The Prospectus Supplement to:

SOUNDVIEW HOME LOAN TRUST 2005-OPT1
ASSET-BACKED CERTIFICATES, SERIES 2005-OPT1

Is available online as follows:

http://sec.gov/Archives/edgar/data/1003197/000104746905014384/a2158019z424
b5.htm

# EXHIBIT "J"

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946-0860 / FAX (914) 946-0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

# EXHIBIT "J"



LOAN DOCUMENT FLOW ANALYSIS -KRITHARAKIS
PROPER CONVEYANCE OF NOTE AND MORTGAGE INTO TRUST
SOUNDVIEW 2005-OPT1

Closing Date

E
ISSUING
ENTITY:
Soundview
2005-OPT1

D
DEPOSITOR:
Financial
Asset
Securities
Corp.

C
SELLER:
Greenwich
Capital
Financial
Products Inc.

B
ORIGINATOR:
Option One
Mortgage

A
ORIGINATING
LENDER:
MAC Mortgage

Closing Date of Trust -05/12/05

NOTE
01/19/05
MAC Mortgage

MORTGAGE
01/19/05
MAC Mortgage

Copyright (c) 2011 Full Disclosure, LLC

# EXHIBIT "K"

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946-0860 / FAX (914) 946-0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

# EXHIBIT "K"



**LOAN DOCUMENT FLOW ANALYSIS - KRITHARAKIS**
**COMBINED PROPER AND PURPORTED CONVEYANCE OF NOTE AND MORTGAGE INTO TRUST**
**SOUNDVIEW 2005-OPT1**

ALLONGE

ALLONGE

NOTE
01/19/05

A
ORIGINATING
LENDER:
MAC Mortgage

B
ORIGINATOR:
Option One
Mortgage

C
SELLER:
Greenwich
Capital
Financial
Products Inc.

D
DEPOSITOR:
Financial
Asset
Securities
Corp.

E
ISSUING
ENTITY:
Soundview
2005-OPT1

MORTGAGE
01/19/05

Closing Date of Trust -05/12/05

AOM
Exec: 01/19/05
Recorded: 04/11/06

AOM
Exec: 06/11/10
Recorded: 06/30/10

PROPER CONVEYANCE

PURPORTED CONVEYANCE - NOTE

PURPORTED CONVEYANCE - MORTGAGE

Copyright (c) 2011 Full Disclosure, LLC

# EXHIBIT "L"

---

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946-0860 / FAX (914) 946-0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

---

# EXHIBIT "L"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| RON WILSON, SR. & | : | Case No. 07-11862 (EWM) |
| LaRHONDA WILSON, | : | |
| | : | |
| Debtors. | : | |

## DECLARATION OF DALE M. SUGIMOTO,
## AS PRESIDENT OF SAND CANYON CORPORATION

I, Dale M. Sugimoto declare as follows:

1.      I am the President of Sand Canyon Corporation ("Sand Canyon")

f/k/a Option One Mortgage Corporation ("OOMC"). H&R Block Inc. ("HRB") is the ultimate

parent company of Sand Canyon. Sand Canyon is wholly-owned by OOMC Holdings LLC,

which is wholly-owned by Block Financial LLC, which is wholly-owned by H&R Block Group,

Inc., which is wholly-owned by HRB, a publicly traded corporation.

2.      Effective as of April 30, 2008, HRB sold OOMC's mortgage loan

servicing business to American Home Mortgage Servicing, Inc. ("AHMS"), an affiliate of WL

Ross & Co. LLC.   Pursuant to the sale agreement, OOMC changed its name to "Sandy Canyon

Corporation."

3.      In a May 1, 2008 press release, Richard C. Breeden, the chair of HRB's

board of directors, stated that "[t]he closing of the Option One sale is a significant milestone in

the transformation and refocusing of H&R Block" whereby HRB "delivered on the promise we

made to shareholders to change the future course of our company" to do "what we do best, which

is serving the tax preparation needs of tens of millions of clients." The May 1, 2008 press

release is available on the internet at http://www.hrblock.com/press/Article.jsp?articleid=1531.

4.      In addition, in its 2008 Annual Report, HRB stated as follows:

DISCONTINUED OPERATIONS - Effective November 2006, our Board
of Directors approved a plan to exit the mortgage business operated
through our subsidiary, OOMC, and we began reporting that business as
discontinued operations.  During our third fiscal quarter ended January 31,
2008, OOMC ceased all loan origination activities, and initiated a plan to
sell its servicing operations.

On April 30, 2008, OOMC sold its loan servicing assets to an affiliate of
WL Ross & Co. LLC (WL Ross) pursuant to a previously announced
agreement.

5.      Accordingly, Sand Canyon is no longer engaged in the servicing of

residential mortgage loans.  Sand Canyon has no servicing rights.

6.      Sand Canyon also does not own any residential real estate mortgages.

7.      Sand Canyon's present business involves dealing with litigation claims,

including title issues or litigation relating to servicing prior to the sale of OOMC's servicing

rights to AHMS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  March 18, 2009

By:   _____
         Dale M. Sugimoto
         President of Sand Canyon Corporation

# EXHIBIT "M"

---

**LAW OFFICES OF LINDA M.TIRELLI, PC**
COUNSEL FOR TIFFANY KRITHARAKIS, CHAPTER 13 DEBTOR
ONE NORTH LEXINGTON AVENUE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH (914) 946–0860 / FAX (914) 946–0870
EMAIL: WESTCHESTERLEGAL@AOL.COM

---

# EXHIBIT "M"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-51328-AHS |
| TIFFANY M KRITHARAKIS | § | |
| | § | CHAPTER 13 |
| | § | |
| | § | JUDGE ALAN H. SHIFF |

### EXHIBIT A

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF AMERICAN HOME MORTGAGE SERVICING, INC, AS SERVICING
AGENT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME
LOAN TRUST 2005-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT1
REGARDING CERTAIN COLLATERAL DESCRIBED AS:
25 POWDER HORN RD, NORWALK, CONNECTICUT 06850

### SECTION 1. ITEMIZATION OF CLAIM

| | | |
|---|---|---:|
| 1. | **Total Debt  (As of June 10, 2010)** | **$336,345.51** |
| 2. | **Interest rate as of  June 10, 2010** | **4.50%** |
| 3. | **Interest from Last Paid Installment** | **$7,804.21** |
| 4. | **Detail of arrearage: (through June 10, 2010)** | |
| | 1 payment January 2010 through January 2010 @ $2,552.31 each: | $2,552.31 |
| | 5 payments February 2010 through June 2010 @ $2,514.81 each: | $12,574.05 |
| | Accrued late charges | $637.38 |
| | | |
| | ** PRE-PETITION ATTORNEY FEES AND COSTS | $2,407.00 |
| | Foreclosure Attorney Fees  $1,080.00 | |
| | Court Costs  $425.00 | |
| | Recording Costs  $214.00 | |
| | Service Costs  $125.00 | |
| | Sheriff's Fees  $238.00 | |
| | Title Report Costs  $325.00 | |
| | | |
| | ** PRIOR BANKRUPTCY FEES AND COSTS | $0.00 |
| | ** POST-PETITION BANKRUPTCY FEES AND COSTS | ($0.00) |
| | | |
| | ** OTHER CHARGES | |
| | Inspection Fees | $19.20 |
| | Appraisal Fees | $453.00 |
| | NSF Fees | $20.00 |
| | Escrow Shortage | $443.47 |
| | Borrower Interview | $65.00 |
| | Breach Letter Fee | $20.00 |
| | Less Suspense Account Balance | ($255.75) |
| | | |
| | **TOTAL ARREARAGE** | **$18,935.66** |

First post-petition monthly payment amount: $2,514.81.  The monthly payment amount may change due to escrow
requirements and/or interest rate adjustments, if applicable.
File Number 7417-N-9372 / poc

EXHIBIT A - ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING DOCUMENTS                                    1