UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-51328 (AHWS) |
| TIFFANY M. KRITHARAKIS, | § | |
| | § | CHAPTER 13 |
| Debtor | § | |

**<u>DEUTSCHE BANK NATIONAL TRUST COMPANY, SOLELY IN ITS CAPACITY AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT1, ASSET BACKED CERTIFICATES, SERIES 2005-OPT1'S AND AMERICAN HOME MORTGAGE SERVICING, INC.'S RESPONSE TO DEBTOR'S STATEMENT OF CLAIMS, LIST OF WITNESSES AND EXHIBITS AND PRODUCTION REQUESTS AND REPLY IN SUPPORT OF ITS SECOND MOTION FOR PROTECTIVE ORDER</u>**

Deutsche Bank National Trust Company, solely in its capacity as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset Backed Certificates, Series 2005-OPT1 ("Deutsche Bank Trustee") and American Home Mortgage Servicing, Inc. ("AHMSI") serve the following Response to Debtor's Statement of Claims, List of Witnesses and Exhibits and Production Requests and Reply in Support of their Second Motion for Protective Order and respectfully submit the Court the following:

**I.
<u>INTRODUCTION</u>**

1. While the Debtor's most recent filings rely heavily on conclusory accusations of wrong-doing, she fails to provide any authority for her alleged claims or any justification for additional discovery in this case, *despite the Court's express order that she identify how her discovery requests are required to prove her alleged claims*. Deutsche Bank Trustee has provided sufficient evidence to support its proof of claim. The Court should adjudicate the validity of its claim on the documentation produced, deny any further requests for discovery, and allow the Debtor to proceed with her Chapter 13 case.

## II.
## FACTUAL BACKGROUND

2.      Debtor Tiffany M. Kritharakis ("Debtor") filed a petition for bankruptcy under Chapter 13 on June 10, 2010. (Doc. 1). On June 24, 2010, Debtor filed a Chapter 13 Plan ("Plan"), scheduling a pre-petition arrearage owed to AHMSI, the servicer for Soundview Home Loan Trust 2005-OPTI, Asset Backed Certificates, Series 2005-OPTI (the "Trust"). (Doc. 18).

3.      On July 28, 2010, Deutsche Bank Trustee filed a Proof of Claim ("Proof of Claim"), which listed a $336,345.41 claim with an arrearage amount of $18,935.66. (Claim 2-1). On August 6, 2010, Deutsche Bank Trustee objected to the Plan because the arrearage total listed in the Plan did not match the amount reflected in Deutsche Bank Trustee's Proof of Claim. (Doc. 29).

4.      On October 20, 2010, Debtor objected to the Proof of Claim ("Claim Objection") raising a number of issues including Deutsche Bank Trustee's authority to file a proof of claim and the accounting of fees and costs listed in the proof of claim. (Doc. 37).

5.      On November 24, 2010, Deutsche Bank Trustee filed an Amended Proof of Claim ("Amended Claim"). (Claim 2-2). The Amended Claim attached additional documentation in an effort to resolve the dispute raised by the Claim Objection. The documents include the Note, Mortgage, the allonges to the Note, and assignments of the Mortgage.[1]

6.      Deutsche Bank Trustee responded to the Claim Objection on December 3, 2010. (Doc. 43). In its response, Deutsche Bank Trustee attached the relevant loan documents, a copy of the foreclosure complaint, and relevant statutory materials.

7.      On December 13, 2010, Debtor served a Notice of Deposition and Request for Production of Documents on Deutsche Bank Trustee. (Doc. 48, Ex. 1). Excluding sub-topics,

---

[1] Unless otherwise indicated, capitalized terms shall have the same meaning as set forth in Deutsche Bank Trustee's Reply to Debtor's Claim Objection. (Doc. 43).

**RESPONSE TO STATEMENT OF CLAIMS AND REPLY IN**
**SUPPORT OF SECOND MOTION FOR PROTECTIVE ORDER — Page 2**

the Notice of Deposition seeks examination on sixteen topics with seventeen accompanying discovery requests. Based on the frivolous and burdensome nature of these requests in light of the documentation already produced in this proceeding, Deutsche Bank Trustee moved for a protective order on January 14, 2011. (Doc. 47, 48).

8. On March 24, 2011, Debtor issued subpoenas from the Northern District of Texas and Central District of California seeking documents and a deposition from Deutsche Bank Trustee and from AHMSI, the Trust's servicer. AHMSI and Deutsche Bank Trustee moved to quash the subpoenas in each jurisdiction, and Debtor has not replied to either motion to quash.

9. On April 8, 2011, AHMSI and Deutsche Bank Trustee filed a Second Motion for Protective Order. The Second Motion for Protective Order asked this Court for protection from the subpoenas in light of the discovery dispute already pending, which involves duplicative requests for information.

10. The Court held a hearing in this case on May 3, 2011. At the hearing, the Court requested from Debtor's counsel "a statement that specifies what documents you don't have and the basis upon which you need them so we could go forward." (May 3, 2011 Hr'g Tr. at 3:11-13). The Court demanded specific information saying "They don't want a category of stuff . . . They want exactly what you need in order to prove your claim." (*Id.* at 5:19-22). The Court ultimately ordered Debtor "again to prepare a piece of paper, or papers, that are going to say what your evidence is and if you're claiming that your evidence is documentary, that that is a document you don't have and you want me to compel them to produce it." (*Id.* at 14:25-15:4).

11. On June 3, 2011, Debtor filed an Opposition to Motion for Protective Order, opposing the Second Motion for Protective Order ("Opposition"). (Doc. 97). Debtor's Opposition cites no law but broadly refers to Deutsche Bank Trustee and AHMSI's efforts as

**RESPONSE TO STATEMENT OF CLAIMS AND REPLY IN
SUPPORT OF SECOND MOTION FOR PROTECTIVE ORDER — Page 3**

"stonewalling." (Doc. 97 at 2). Additionally, Debtor suggests she initiated this proceeding "to merely identify, verify and face her creditors." (Doc. 97 at 3). (It is significant to note that "fac[ing] her creditors" appears to exclude disclosure to her creditors, and particularly Deutsche Bank Trustee and the Trust, of the material fact that on or about March 28, 2011, the Debtor's home, ownership of which she seeks to preserve in this case, sustained a major fire casualty which, upon information and belief has resulted in a total loss.)

12.     Additionally, on June 3, 2011, Debtor filed her Statement of Claims, List of Witnesses and Exhibits and Production Requests ("Statement of Claims"). (Doc. 98). The Statement of Claims broadly, and without citation to authority, states Debtor's arguments. Debtor identifies several potential witnesses[2] and provides a list of exhibits she intends to use to support her arguments. Debtor then provides a list of 28 broad document requests with a short statement of why she believes each request is relevant, without regard to the Statement of Claims.

### III.
### ARGUMENTS AND AUTHORITIES

13.     The Court maintains broad powers to protect parties from burdensome discovery. Federal Rule of Civil Procedure provides for specific protections when the "burden or expense of the proposed discovery outweighs its likely benefit" and when the discovery is "unreasonably cumulative or duplicative." FED. R. CIV. P. 26(b)(2)(C). Moreover, the Federal Rules allow courts to protect parties "from annoyance, embarrassment, oppression, or undue burden and expense." FED. R. CIV. P. 26(c)(1). Similarly, Rule 45 provides protections from harassment and burden. *See* FED. R. CIV. P. 45(c)(3)(a)(i), (iv) (stating " . . . the issuing court must quash or

---

[2] Notably, Debtor identifies a "Certified Forensic Accountant and a Certified Fraud Examiner" as a witness. (Doc. 98 at 4). However, Deutsche Bank Trustee is aware of no motion to retain this professional, no disclosure pursuant to Bankruptcy Rule 2016 as to how this professional will be paid, and has not produced any expert disclosures in connection with this alleged expert witness.

modify a subpoena that . . . subjects a person to undue burden."); FED. R. BANKR. P. 9016. Similarly, the issuer of a subpoena must also take measures to avoid "undue burden or expense." FED. R CIV. P. 45(c)(1).

14. In this case, the discovery sought by the Debtor is overly broad, unduly burdensome, and irrelevant as a matter of law because Deutsche Bank Trustee has produced sufficient documentation to support its standing to file the proof of claim. The burden on a claimant is low. The Bankruptcy Code entitles creditors with a right to payment against the bankruptcy estate to file a proof of claim. 11 U.S.C. § 101(5)(A); *see also Campbell v. Countrywide Home Loans*, 545 F.3d 348, 353 (5th Cir. 2008) (quoting *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007). The definition of a claim is broad, and includes any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Campbell,* 545 F.3d at 353 (quoting 11 U.S.C. § 101(5)(a)).

15. Debtor's own filings in the case admit the existence of the Trust's claim. For example, Debtor's Schedule A includes a $359,392.73 secured claim on Debtor's real property. (Doc. 17 at 3). While listing the debt as "disputed," Debtor identifies American Home Mortgage as having the first mortgage on the property in Schedule D. (Doc. 17 at 11). Moreover, Debtor's Chapter 13 Plan lists an arrearage owed to American Home Mortgage. (Doc. 18). Therefore, while the Statement of Claim and Opposition express apparent bewilderment at AHMSI's "sidekick" role in this case, Debtor's pleadings acknowledge AHMSI's role in servicing Debtor's loan on behalf of the Trust.

16. Even without these apparent acknowledgments of AHMSI's role in this case, Deutsche Bank Trustee has produced evidence of its "right to payment." *See* 11 U.S.C.

**RESPONSE TO STATEMENT OF CLAIMS AND REPLY IN**
**SUPPORT OF SECOND MOTION FOR PROTECTIVE ORDER — Page 5**

§ 101(5)(a). Debtor does not deny executing the original Note or Mortgage in this case, and Deutsche Bank Trustee has produced the original of these documents for inspection.

17. This documentation provides conclusive evidence of Deutsche Bank Trustee's right to enforce the Note and the Mortgage lien. Under Connecticut law, the security follows the debt.[3] *See* CONN. GEN. STAT. § 49-17; *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570 (2010); *Bankers Trust Co. of Cal., N.A. v. Vaneck*, 95 Conn. App. 390, 391 (2006), *cert. denied*, 289 Conn. 908 (2006) (section 49-17 "codifies the longstanding common law principle that the mortgage follows the note, pursuant to which the note's rightful owner has the right to enforce the mortgage"); *Fleet Nat'l Bank v. Nazareth*, 75 Conn. App. 791 (2003); *Mfrs. & Traders v. Felix Figueroa, et al.*, 2003 Conn. Super. LEXIS 1138 (Apr. 22, 2003); (Doc. 43 n. 6). Therefore, possession of the original Note alone allows Deutsche Bank Trustee to enforce the lien. In fact, Deutsche Bank Trustee has provided sufficient evidence in connection with the Amended Claim to foreclose on the lien under Connecticut law. *See New England Savs. Bank v. Bedford Realty Corp.*, 246 Conn. 594, 610-11, 717 A.2d 713 (1999) (citing D. Caron, CONNECTICUT FORECLOSURES: AN ATTORNEY'S MANUAL OF PRACTICE AND PROCEDURE (3d Ed. 1997) § 4.09, 106 (A foreclosure complaint "must contain certain allegations regarding the nature of the interest being foreclosed. These allegations should include allegations relating to the parties and terms of the operative instruments, the nature of the default giving rise to the right to foreclosure, the amount due and currently owing, the name of the record owner and party in possession, and appropriate prayers for relief . . . The terms of the mortgage determine the necessary elements of plaintiff's *prima facie* case")).

---

[3] In connection with Request 15, Debtor argues New York law applies to the enforceability of the note because the Pooling and Servicing Agreement contains a choice of law provision selecting New York law. (Doc. 98 at 11). However, Debtor is not a party to the Pooling and Servicing Agreement. Moreover, the Mortgage—a document Debtor signed—contains a choice of law provision selecting the law "of the jurisdiction in which the Property is located," *which is Connecticut*.

18. Counsel for Deutsche Bank Trustee has possession of the original Note. Even if there were no allonges or if the allonges were not affixed to the Note, the transfer of an instrument to a party vests the transferee with the transferor's rights, including rights as a holder in due course. CONN. GEN. STAT. § 42a-3-203; *see SKW Real Estate L.P. v. Gallicchio*, 49 Conn. App. 563, 569 (Conn. App. Ct. 1998) ("even without endorsement, when the plaintiff had lawful possession of the note and mortgage and the defendants made payments according to the terms of the note to the plaintiff for nineteen months, the plaintiff was entitled to enforce the note"); *Ulster Sav. Bank v. 28 Brynwood Lane*, 201 Conn. Super. LEXIS 1379, at *16 (May 27, 2010) ("Although an endorsement of an instrument payable to a specific person is essential under § 42a-3-201 to being a 'holder' of a negotiable instrument, holder status is not essential to having the right and power to enforce an instrument"). Therefore, mere possession is sufficient to allow Deutsche Bank Trustee to enforce the lien and, relevant here, sufficiently establishes the Trust's right to payment.

19. While Debtor broadly suggests the assignments of the Mortgage are somehow invalid, even if those allegations were accurate, they are not relevant to enforceability of the Note and, in turn, the Amended Claim. As shown above, even without assignments, Deutsche Bank Trustee can enforce the Note and lien on the Debtor's real property. Moreover, while Debtor suggests, without citation to authority, that Deutsche Bank Trustee failed to somehow comply with the Pooling and Servicing Agreement ("PSA") in this case, that argument is also irrelevant under Connecticut law.

20. Moreover, Debtor fundamentally misapprehends the PSA. The PSA itself is a conveyance of the security interest in the scheduled mortgage loans. Deutsche Bank Trustee has produced the executed copy of the PSA with a redacted schedule showing the inclusion of

Debtor's loan in the loan schedule for the PSA. Moreover, if any conveyance documents are missing or otherwise necessary, the PSA itself allows those documents to be delivered or recorded at a later time. The Debtor, despite having the copy of the PSA on file with the SEC and now, the executed copy of the PSA, cites no provision of the PSA that has allegedly been violated in this case.

21. Simply put, Deutsche Bank Trustee has produced conclusive evidence of its standing in this proceeding. The Debtor has cited no authority to overcome Deutsche Bank Trustee's possession of the original Note and Mortgage. Debtor does not deny executing the original Note and Mortgage. Debtor listed one servicer—AHMSI—in her Schedules and Plan, and one servicer has appeared in this proceeding. No other entity has stepped forward attempting to collect this debt. The Court should deny any additional discovery and resolve the standing issue.

22. Debtor's purported reasons for her discovery requests lack any relevance to this proceeding in light of the authority cited above. Deutsche Bank Trustee has demonstrated its standing, and Debtor has simply failed to show how her request for various detailed information related to the allonges, assignments, and transfer of the Note are relevant. (Requests 1, 11, 13, 14, 15, 16, 17).

23. Debtor sets forth a number of requests to allegedly determine AHMSI's role in this case (Requests 7, 8, 9, 10, 12), but sets forth no argument as to how AHMSI's servicer status is relevant to the Claim Objection inasmuch as she appears to have challenged the standing of Deutsche Bank Trustee. Moreover, these requests are baseless in light of Debtor's identification of AHMSI in her schedules and Chapter 13 plan.

24. Similarly, Debtor requests extensive documentation and employment records related to filings in a mortgage foreclosure. (Requests 18, 19, 20, 21, 22, 23, 27, 28). Debtor sets forth no argument as to how any documents filed in the mortgage foreclosure, which she does not already have, have any bearing on this bankruptcy proceeding. The Court directed her to show the nexus between her production request and the evidence she requires in order to prove her case; she has failed to do so.

25. Debtor also makes broad requests for policies and procedures as well as agreements involving various third parties, such as LPS. (Requests 5, 24, 25). These agreements and policies and procedures have no bearing on Deutsche Bank Trustee's standing or any relevance to the validity of the proof of claim in general. Moreover, the Debtor has failed to articulate the reasons why she needs these items to prove her case, and has instead supported these requests with disparaging personal opinions and conclusions.

26. Finally, Debtor makes only four requests for basic information about her loan account. Request 2 asks for transaction codes, and AHMSI has already provided that information. Request 3 asks for a "payoff statement," which has been satisfied by AHMSI's production of a life of loan transaction history. However, AHMSI has agreed to produce a payoff statement to the Debtor. Request 4 asks for "All documents evidencing, relating to, or referring to the preparation of and/or the support for the Proof of Claim." While this request explicitly calls for work product by asking what documents were used in preparing the proof of claim, the relevant documentation has been produced as exhibits to AHMSI's proof of claim. Request 6 asks for all written correspondence related to the Mortgage; however, this request is simply irrelevant. While the Debtor apparently wants this information to determine "the appropriateness" of the mortgage foreclosure and the proof of claim, Debtor fails to demonstrate

how such documentation is relevant to either inquiry, as required by the Court's express order. Moreover, while Debtor makes broad statement that it relates to the "accounting and servicing of the loan also at issue and the trigger of fees added to the debtor's account," Debtor again fails to explain how such correspondence relates to such fees, as required by the Court. Moreover, such correspondence is likely in the Debtor's possession already.

## IV.
## CONCLUSION

Debtor states her goal in this proceeding is "to merely identify, verify and face her creditors." (Doc. 97 at 3). That creditor has appeared and shown Debtor the original Note and Mortgage. Debtor's request for additional information regarding Deutsche Bank Trustee's standing is an abusive and pointless fishing expedition. The Court should protect Deutsche Bank Trustee and AHMSI from additional discovery and resolve the issue of Deutsche Bank Trustee's standing on the documents produced.

WHEREFORE, Deutsche Bank National Trust Company, solely in its capacity as Trustee for Soundview Home Loan Trust 2005-OPTI, Asset Backed Certificates, Series 2005-OPTI and American Home Mortgage Servicing, Inc. pray that this Court grant their Motion for Protective Order and Second Motion for Protective Order and award them such other and further relief as is just and proper.

DATED: June 14, 2011.

                        Respectfully submitted,

                        */s/Martha Croog (CT12730)*
                        Martha Croog, Esq.
                        Martha Croog, LLC
                        The Brownstone
                        190 Trumbull Street, Second Floor
                        Hartford, CT 06103
                        (860) 236-9661; Bar No. CT12730

                        **ATTORNEY FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, SOLELY IN ITS CAPACITY AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPTI, ASSET BACKED CERTIFICATES, SERIES 2005-OPTI AND AMERICAN HOME MORTGAGE SERVICING, INC.**

Of Counsel:

Thomas A. Connop
  Texas Bar No. 04702500
Bradley C. Knapp
  Texas Bar No. 24060101
LOCKE, LORD, BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopier)

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Debtor's Statement of Claims, List of Witnesses and Exhibits and Production Requests and Reply in Support of their Second Motion for Protective Order was served either electronically through the CM/ECF case management system, via e-mail or via United States first-class mail, postage prepaid, to all parties entitled to notice, including the parties listed below on this 14th day of June, 2011:

Holly L. Claiborn  
Trial Attorney  
Tracy Hope Davis  
United States Trustee for Region 2  
Giaimo Building  
150 Court Street, Room 302  
New Haven, CT  06510

*By Notice of Electronic Filing*

Molly T. Whiton  
10 Columbus Boulevard  
Hartford, CT 06106

*Chapter 13 Trustee, by Notice of Electronic Filing*

Linda M. Tirelli  
Law Offices of Linda M. Tirelli  
The Gateway Building  
1 North Lexington Avenue, 11th Floor  
White Plains, NY 10601

*Debtor's attorney, by Notice of Electronic Filing*

Tiffany M. Kritharakis  
25 Powder Horn Rd.  
Norwalk, CT 06850

*Debtor, by First Class Mail*

*/s/Martha Croog (CT12730)*